[No. A011504. First Dist., Div. Four. June 29, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD HARRISON GEORGE, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

---

[1]Parts 1, 2, 3, and 4 are not certified for publication. The facts need not be published because they are not necessary to the section to be published. (Cal. Rules of Court, rule 976.1.)

1054

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, David R. Feld and David Lew, Deputy State Public Defenders, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Thomas A. Brady and Ronald E. Niver, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**PANELLI, J.**—A jury found Ronald Harrison George guilty of first degree murder (Pen. Code, § 187) while lying in wait (Pen. Code, § 190.2, subd. (a)(15)) and guilty of conspiracy to commit murder (Pen. Code, § 182).[2] He was sentenced to life imprisonment without possibility of parole. On appeal, he asserts insufficiency of the evidence, insufficient corroboration of an accomplice's testimony, error in admitting the accomplice's testimony, instructional error and sentence error.

*Facts*

. . . . . . . . . . . . . . . . . . . . . . . . .*

*Discussion*

1. *Sufficiency of the Evidence.*

. . . . . . . . . . . . . . . . . . . . . . . . .*

5. *Sentence Error.*

As indicated at the outset of this opinion, the jury found appellant guilty of murder in the first degree and found the alleged special circumstance of lying-in-wait to be true. Accordingly, the trial court sentenced appellant to life imprisonment without possibility of parole pursuant to section 190.2, subdivision (a)(15).[7]

---

[2]All statutory references are to the Penal Code.

*See footnote 1, *ante,* page 1053.

[7]Section 190.2, subdivision (a)(15) provides: "The penalty for a defendant found guilty of murder in the first degree shall be death or confinement in state prison for a term of life without the possibility of parole in any case in which one or more of the following special circumstances has been charged and specially found under Section 190.4, to be true:

" . . . . . . . . . . . . . . . . . . . .

"(15) The defendant intentionally killed the victim while lying in wait."

Appellant makes a three-pronged attack on his sentence. He contends (1) that section 190.2 is unconstitutional on its face; (2) that the trial court lacks jurisdiction to impose a life sentence without possibility of parole in a non-capital case; and (3) that the matter must be remanded for resentencing. We reject the first two contentions and agree with the third.

■ a. *Constitutionality of Statute.* Appellant argues that section 190.2, subdivision (a), is unconstitutional on its face because it makes the sentence of life without possibility of parole mandatory in the circumstances stated without consideration of mitigating factors. In *People v. Zimmerman* (1984) 36 Cal.3d 154 [202 Cal.Rptr. 826, 680 P.2d 776], decided subsequent to completion of briefing in this case, our Supreme Court rejected an identical contention with respect to section 190.4, subdivision (b), which requires a sentence of life without possibility of parole whenever the jury in a case of first degree murder with special circumstances is unable to agree on the question of punishment. Observing that "[t]he law of this state provides 'corrective or modifying mechanisms' for individualizing, when appropriate, a potential punishment of life imprisonment without possibility of parole," (*id.*, at p. 159), the court concluded that the statute was not constitutionally infirm (*id.*, at p. 160). The reasoning of *Zimmerman* applies with equal force to section 190.2, subdivision (a). Appellant's constitutional attack on the penalty in this case therefore is without merit.

■ b. *Trial Court's Jurisdiction.* Relying on *People v. Davis* (1981) 29 Cal.3d 814 [176 Cal.Rptr. 521, 633 P.2d 186] and *People v. Spears* (1983) 33 Cal.3d 279 [188 Cal.Rptr. 454, 655 P.2d 1289], appellant urges that a sentence of life without possibility of parole is not authorized when the prosecution does not seek the death penalty. We disagree.

At issue in *Davis* was whether the special circumstances procedures of the 1977 death penalty statute (former § 190.4) applied to minors, who were statutorily ineligible for the death penalty (former § 190.5). Observing that former section 190.1, the "cornerstone" of the 1977 statute, specifically limited its application to cases " 'in which the death penalty *may be imposed pursuant to this chapter* . . .' " (29 Cal.3d at p. 828, italics added), the Supreme Court held that "viewed in context, the language of former section 190.4 authorizing determination of special circumstances charges is properly restricted to cases involving adults charged with first degree murder and *subject to the death penalty*" (*id.*, at p. 831, italics added). In *People v. Spears, supra,* 33 Cal.3d 279, the court reached the same conclusion concerning identical provisions of the 1978 death penalty initiative. (33

Cal.3d at p. 283.) In short, the Supreme Court has held as a matter of statutory interpretation that because minors are statutorily exempt from the death penalty, they cannot be charged with special circumstances and sentenced to life without possibility of parole. (*People* v. *Davis, supra,* 29 Cal.3d at p. 831; *People* v. *Spears, supra,* 33 Cal.3d at p. 283. Cf. *Carlos* v. *Superior Court* (1983) 35 Cal.3d 131, 153 [197 Cal.Rptr. 79, 672 P.2d 862] [felony murderer who lacked intent to kill].)

Appellant would have us extend the *Davis-Spears* rule, which is applicable to minors who are statutorily ineligible for the death penalty, to adults who are statutorily eligible but in whose cases the prosecutor has exercised his discretion not to seek the death penalty. He argues that in *People* v. *Green* (1980) 27 Cal.3d 1 [164 Cal.Rptr. 1, 609 P.2d 468], and related cases analyzing the 1977 death penalty legislation, the Supreme Court has indicated that special circumstances allegations are authorized only in capital cases. It is true that in *Green* the court stated that the intent of the Legislature in constructing the "special circumstances" apparatus was to provide sentencing standards "in capital cases" (*id.,* at p. 49), and to provide "a rational basis for distinguishing between those murderers who deserve to be considered for the death penalty and those who do not" (*id.,* at p. 61). (See also *People* v. *Jackson* (1980) 28 Cal.3d 264, 315 [168 Cal.Rptr. 603, 618 P.2d 149]; *People* v. *Frierson* (1979) 25 Cal.3d 142, 175 [158 Cal.Rptr. 281, 599 P.2d 587].) But nothing in *Green,* or in the other cases relied on by appellant, negates the further fact that special circumstances also provide a rational basis for distinguishing between murderers who deserve to be imprisoned for life without possibility of parole and those who do not. Indeed, in cases since *Davis* and *Green* the Supreme Court has repeatedly recognized the prosecutor's discretion to seek life imprisonment without possibility of parole without also seeking the death penalty. (See *Carlos* v. *Superior Court, supra,* 35 Cal.3d at p. 153; *Sand* v. *Superior Court* (1983) 34 Cal.3d 567, 572, 573-575 [194 Cal.Rptr. 480, 668 P.2d 787]; *Ramos* v. *Superior Court* (1982) 32 Cal.3d 26, 33 [184 Cal.Rptr. 622, 648 P.2d 589]; *People* v. *Williams* (1981) 30 Cal.3d 470, 477 [179 Cal.Rptr. 443, 637 P.2d 1029].)

As respondent observes, appellant confuses statutory authorization for the death penalty with prosecutorial discretion. Appellant was statutorily eligible for the death penalty. He was spared exposure to that ultimate sanction only as a result of the prosecutor's discretion. If appellant's position were to prevail, a prosecutor who wanted only a sentence of life without possibility of parole would have to expose the defendant to the possibility of death in order to achieve the lesser sentence. Absent a clear expression of

legislative intent, we decline to interpret the statute as requiring such an anomalous result.

We hold that the 1978 death penalty law permits a sentence of life without the possibility of parole when an individual is convicted of first degree murder with special circumstances, regardless of whether the prosecution has exercised its discretion not to seek the death penalty. Appellant's sentence was not in excess of the court's jurisdiction.

 c. *Remand for Hearing.* Relying on *People* v. *Williams, supra,* 30 Cal.3d 470, appellant asserts that the matter should be remanded for another sentence hearing in order to permit the court to consider whether to strike the special circumstance finding under section 1385.

In *Williams,* decided subsequent to trial in this case, the Supreme Court held for the first time that the 1978 death penalty law does not preclude trial courts from exercising their discretion under section 1385 "to dismiss special circumstance findings in order to make it possible for a person to be eligible for parole." (30 Cal.3d at p. 489.) The court observed that "[t]he wise use of this power will promote the administration of justice by ensuring that persons are sentenced based on the particular facts of the offense and all the circumstances. It enables the punishment to fit the crime as well as the perpetrator." *(Ibid.)*

In the present case, no mitigation hearing was held because the prosecution had not sought the death penalty (see §§ 190.3, 190.4), nor did appellant ask the trial court to exercise its discretion to strike the special circumstance allegation. Although the record shows that the court found the verdict to be supported by the evidence, and that the court declared on the basis of the relevant factors (Cal. Rules of Court, rule 414) that if it had the ability to grant probation, it would exercise its discretion not to do so, the record is silent as to how the court would have exercised its discretion to strike the special circumstance allegation had it known that it had such authority. Consequently, as respondent correctly concedes, appellant is entitled to a limited remand for a hearing to permit the trial court to consider whether to exercise its discretion in accordance with the *Williams* rule. (See *People* v. *Chambers* (1982) 136 Cal.App.3d 444, 457-458 [186 Cal.Rptr. 306].)

The matter is remanded to the trial court for exercise of the court's discretion to determine whether or not there is a basis for dismissing the finding of special circumstances, and for such further sentencing proceedings if and

as required after the ruling on that issue. In all other respects the judgment is affirmed.

Poché, Acting P. J., and Caldecott, J.,* concurred.

---

*Retired Presiding Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.