[No. F022283. Fifth Dist. Aug. 26, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
JONATHAN WHITE EAGLE, Defendant and Appellant.

## COUNSEL

Alys Briggs, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Shirley A. Nelson and Laura I. Heidt, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STONE (W. A.), Acting P. J.**—Appellant, Jonathan White Eagle, appeals from his sentence following his plea of guilty to petty theft with a prior conviction for robbery. (Pen. Code,[1] § 666.) He admitted he was convicted in 1981 of robbery and he served a prison term for that offense. The aggravated term under section 666 of three years was doubled pursuant to section 667, subdivision (e)(1) for a total term of six years in prison. The prior prison term enhancement pursuant to section 667.5, subdivision (b) was stayed pursuant to section 654.

The underlying facts of appellant's current conviction are undisputed and not relevant to the issues he raises on appeal. All issues pertain to the propriety of the sentence and primarily concern the interpretation and application of the sentencing provisions of section 667, subdivisions (b) through (i), commonly referred to as the "Three Strikes" legislation.

### INTRODUCTION

Two of the claims appellant makes with respect to the Three Strikes law have been previously rejected by this court. In *Gonzales v. Superior Court* (1995) 37 Cal.App.4th 1302 [44 Cal.Rptr.2d 144], we held the determination

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

of whether a prior conviction is a "strike" is made at the time the defendant is sentenced on the current offense under section 667. subdivision (e); convictions occurring prior to the effective date of section 667 are counted as "strikes." In *People* v. *Applin* (1995) 40 Cal.App.4th 404, 407 [46 Cal.Rptr.2d 862], we held the limitation of section 667, subdivision (c) on the ability of a Three Strikes prisoner to earn conduct credits while in prison does not violate principles of equal protection.

## DISCUSSION

## I.

### *Multiple Use of the 1981 Robbery Conviction*

Although we have addressed issues concerning dual or multiple use of prior convictions under section 667 (see *People* v. *Ingram* (1995) 40 Cal.App.4th 1397 [48 Cal.Rptr.2d 256]), appellant raises a variation on the issue which we have yet to decide. Is it permissible to use the same prior conviction to elevate petit theft to a felony under section 666 *and* to invoke the sentencing provisions of section 667, subdivision (e)?[2]

Respondent adds another layer to the discussion; it claims the order staying imposition of the one-year prior prison term enhancement is not authorized by section 654 because use of the prison term for the 1981 robbery conviction to enhance is not a prohibited dual use of facts.

Thus, the question is whether the same 1981 robbery conviction can be used: (1) to convert the current offense to a felony under section 666; (2) to invoke the punishment provisions of section 667, subdivision (e)(1); and (3) to impose a prior prison term enhancement pursuant to section 667.5, subdivision (b).

---

[2]*People* v. *Hill* (1995) 37 Cal.App.4th 220, 223 [44 Cal.Rptr.2d 11] rejected the defendant's claim that such multiple use was prohibited. The court stated, without further discussion, that it previously had rejected the same claim in *People* v. *Sipe* (1995) 36 Cal.App.4th 468 [42 Cal.Rptr.2d 266]. (37 Cal.App.4th at p. 223.) However, this precise issue was not raised in *Sipe*. The issue in *Sipe* was whether the same prior felony conviction could be used to convict the defendant of felony escape under section 4532, subdivision (b) and to increase his punishment under section 667, subdivision (e)(1). (36 Cal.App.4th at p. 484.)

### 1. *Jones and Prather*

Appellant contends *People* v. *Jones* (1993) 5 Cal.4th 1142 [22 Cal.Rptr.2d 753, 857 P.2d 1163] and *People* v. *Prather* (1990) 50 Cal.3d 428 [267 Cal.Rptr. 605, 787 P.2d 1012] compel us to conclude that his 1981 robbery conviction cannot be used to elevate the current offense to a felony; double his term under section 667, subdivision (e)(1) and enhance under section 667.5, subdivision (b). His reliance upon these cases is misplaced.

The issue in *Prather* was whether language in the California Constitution, article I, section 28, subdivision (f), which provides that prior convictions should be used "without limitation," effectively removed prior prison term enhancements (§ 667.5, subd. (b)) from the double-the-base-term limitation of section 1170.1, subdivision (g). The court previously held that prior felony conviction enhancements under section 667, subdivision (a) were excluded from the limitation of section 1170.1, subdivision (g) in *People* v. *Jackson* (1985) 37 Cal.3d 826, 837-838 [210 Cal.Rptr. 623, 694 P.2d 736]. In *Prather*, the court found no meaningful distinction between a prior felony conviction and service of a prison term based upon that conviction, and held both enhancements were excluded from the double-the-base-term limitation of section 1170.1, subdivision (g). (*People* v. *Prather, supra*, 50 Cal.3d at pp. 439-440.)

Relying in part upon *Prather*'s conclusion there was no meaningful distinction between the prior conviction and resulting prison term, *Jones* held double enhancement under both section 667, subdivision (a) and section 667.5, subdivision (b) could not be imposed based upon the same prior conviction absent a clear legislative intent that both should apply. (*People* v. *Jones, supra*, 5 Cal.4th at pp. 1150-1152.)

Appellant's reliance upon *Jones* is based upon the faulty premise that his sentence included multiple enhancements. An enhancement is an additional term of imprisonment added to the base term. (*People* v. *Hernandez* (1988) 46 Cal.3d 194, 207 [249 Cal.Rptr. 850, 757 P.2d 1013]; Cal. Rules of Court, rule 405(c).) The only enhancement in this case is the prior prison term enhancement under section 667.5, subdivision (b). Unlike the sentencing provisions at issue in *Jones* and *Prather*, section 666 and section 667, subdivision (e) are not enhancements.

Subdivision (e) of section 667 provides for an alternate sentencing scheme when the defendant has a prior serious or violent felony conviction; it is not

an enhancement. (*People* v. *Nobleton* (1995) 38 Cal.App.4th 76, 81 [44 Cal.Rptr.2d 611]; *People* v. *Sipe, supra,* 36 Cal.App.4th at p. 485; *People* v. *Anderson* (1995) 35 Cal.App.4th 587, 594-595 [41 Cal.Rptr.2d 474]; *People* v. *Ingram, supra,* 40 Cal.App.4th at p. 1411.) While section 666 has been characterized as a "sentence-enhancing statute" (see *People* v. *Bouzas* (1991) 53 Cal.3d 467, 479 [279 Cal.Rptr. 847, 807 P.2d 1076]), in light of the definition of the term "enhancement," section 666 is more precisely a statute which gives the court discretion to treat the offense as either a misdemeanor or a felony for the purpose of punishment. (53 Cal.3d at p. 471.) It is not an enhancement. (*People* v. *Martin* (1995) 32 Cal.App.4th 656, 666-667 [38 Cal.Rptr.2d 776].)

Furthermore, the statutory provisions interpreted in *Jones* were enacted pursuant to Proposition 8. The court found the clear intent of that voter initiative was to increase sentences for recidivist offenders, but there was no provision for imposing the two enhancements cumulatively, only the greater of the two enhancements. (*People* v. *Jones, supra,* 5 Cal.4th at pp. 1150-1152.) The drafters of the Three Strikes law have clearly provided that its punishment provisions apply "in addition to any other *enhancement or punishment provisions* which may apply." (§ 667, subd. (e), italics added.) Applying the sentencing provisions of the Three Strikes law to the term of imprisonment provided by section 666 is not only consistent with the stated legislative and initiative goals of ensuring longer prison sentences and greater punishment for repeat offenders, it is provided for by the express terms of the statute. (§ 667, subd. (b).)

To conclude that subdivision (e)(1) of section 667 does not apply to section 666 recidivists with a single prior conviction would be to maintain essentially the status quo and exclude this class of repeat offenders from the purview of the Three Strikes law. To hold that appellant's 1981 conviction could be used only once would not merely force a choice between terms of punishment or compel punishment under the greater of the two provisions, it would prohibit sentencing under subdivision (e)(1) unless the section 666 offender has suffered two prior convictions—one to establish section 666 status and one to use as a first strike. The same would follow with respect to section 667, subdivision (e)(2) which would require section 666 offenders to have three prior convictions. This would establish a three- and four-strike scheme for defendants currently charged under section 666. We find nothing to support such a construction of this statute.

In light of a clear legislative directive, imposition of the prior prison term enhancement is not prohibited by *Jones*. Nor does *Jones* prohibit use of the 1981 robbery conviction to elevate the current offense to a felony under section 666 and to invoke double punishment under section 667, subdivision (e)(1).

### 2. Edwards

*People* v. *Edwards* (1976) 18 Cal.3d 796 [135 Cal.Rptr. 411, 557 P.2d 995] held the same prior felony conviction could not be used for the dual purpose of establishing an essential element of the crime of being a felon in possession of a firearm and enhancing the sentence. (*Id.* at p. 800.) *Edwards* is readily distinguishable because appellant's prior conviction is not an element of the crime as defined in section 666. (*People* v. *Bouzas, supra,* 53 Cal.3d at p. 479.)

### 3. Section 654

■ "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one. . . ." (§ 654.)

This statutory prohibition against double punishment for a single act or omission has no application in this context because the existence of the 1981 conviction is neither an act nor an omission—it is a fact which establishes appellant's status as a repeat offender. (*People* v. *Sipe, supra,* 36 Cal.App.4th 468, 488.) A single prior felony conviction and resulting prison term can be used both to upgrade a subsequent petit theft from a misdemeanor to a felony and to enhance the term under section 667.5, subdivision (b). (*People* v. *Rodriguez* (1988) 206 Cal.App.3d 517, 519 [253 Cal.Rptr. 633]; cited with approval in *People* v. *Coronado* (1995) 12 Cal.4th 145, 157 [48 Cal.Rptr.2d 77, 906 P.2d 1232].)

Furthermore, by providing that its sentencing provisions apply "in addition to any other enhancement or punishment provisions which may apply . . . ," the Legislature created a recognized exception to section 654. (*People* v. *Ramirez* (1995) 33 Cal.App.4th 559, 572-573 [39 Cal.Rptr.2d 374].)

Therefore, section 654 does not prohibit multiple use of the 1981 robbery conviction.

### 4. Double Jeopardy

■ Appellant claims the use of his prior conviction to impose multiple punishment violates double jeopardy because he is being cumulatively punished for the same act. We assume the "same act" to which appellant refers is the robbery which underlies his prior conviction.

As explained in *North Carolina* v. *Pearce* (1969) 395 U.S. 711, 717 [23 L.Ed.2d 656, 664-665, 89 S.Ct. 2072]: "[The Fifth Amendment guarantee against double jeopardy] consists of three separate constitutional protections.

It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishment for the same offense." (Fns. omitted.)

The most obvious flaw in appellant's argument is that he is not currently being punished for the robbery he committed in 1981. He is being punished under the sentencing provisions of section 667, subdivision (e) for the theft he committed in 1994. The 1994 offense is made a felony under section 666 as a result of his having suffered the 1981 conviction, but the 1994 petit theft and the 1981 robbery are two distinct offenses.

Although his status as a repeat offender subjects him to harsher punishment under section 667, subdivision (e), and service of the prison term results in an enhancement of that term, he is not being punished for the 1981 robbery conviction. Recidivist statutes do not impose a second punishment for the first offense in violation of the double jeopardy clause of the United States Constitution. (*Moore* v. *Missouri* (1895) 159 U.S. 673, 677 [40 L.Ed. 301, 303, 16 S.Ct. 179].) Moreover, the double jeopardy clause does not prohibit the imposition of multiple punishment for the same offense where the legislature has authorized multiple punishment. (*Missouri* v. *Hunter* (1983) 459 U.S. 359, 366 [74 L.Ed.2d 535, 542, 103 S.Ct. 673].) Even if we were to accept appellant's multiple punishment argument, multiple use of the 1981 robbery conviction survives constitutional challenge because of legislative authorization. (*People* v. *Sipe, supra*, 36 Cal.App.4th 468, 489.)

### 5. The Correct Term of Imprisonment

█ Having concluded the multiple use of the 1981 robbery conviction is not barred and the prior prison term enhancement is not subject to section 654, the question is whether the sentence can be corrected on appeal.

Appellant argues that regardless of section 654, the prior prison term enhancement is discretionary, not mandatory, and the case should be remanded for the trial court to decide whether to impose the prior prison term enhancement. According to appellant, even if a stay is unauthorized as a matter of law, imposition of the enhancement is not compelled. He refers to the language of section 667, subdivision (e) which states that its provisions apply "in addition to any other enhancement provisions which *may* apply" and argues that use of the term "may" is permissive and connotes discretion. In other words, as we understand appellant's argument, subdivision (e) makes the imposition of a prior prison term enhancement discretionary.

To the extent appellant suggests the enhancement may not apply in this case, we reject his argument. Appellant was charged and admitted having

served a prison term within the meaning of section 667.5, subdivision (b). There is no question whether the enhancement *may* apply—it does apply. The question is whether, upon determining that imposition of the enhancement is not prohibited, there is any discretionary basis for not doing so.

Pursuant to section 1170.1, subdivision (d), when the court imposes a determinate sentence, the imposition of an additional term under section 667.5 is mandatory unless the additional term is stricken. The term may be stricken properly *only* if the court determines there are circumstances in mitigation of the additional punishment and the court states its reasons for striking the additional punishment. (§ 1170.1, subd. (h).)

Appellant contends that because the court and both parties proceeded with sentencing on the assumption section 654 required a stay of the enhancement term, he had no reason to urge the trial court to find reasons to strike it. And likewise, the trial court had no reason to consider any facts which might cause it to strike the additional term.

Appellant suggests trial counsel might have argued these facts in support of a request to strike: the theft was of a few inexpensive items, his prior conviction occurred in 1981, and his record reflects crimes of decreasing seriousness.

We note these facts were set out in the probation officer's report and were before the trial court at the time of sentencing. Nevertheless, in assessing the appropriate base term, the court found there were no mitigating factors that would entitle appellant to the mitigated term—or even the middle term. The court imposed the aggravated term. Not only did the court not show an inclination to engage in any exercise of mitigation, it chose to impose the maximum term it believed possible notwithstanding the circumstances appellant now asserts. Accordingly, we perceive no reasonable probability a remand for consideration of a motion to strike the enhancement would result in a benefit to appellant. (See *People* v. *Vacca* (1995) 38 Cal.App.4th 804, 808 [45 Cal.Rptr.2d 483].)

The order staying imposition of the prior prison term enhancement is an unauthorized sentence and is subject to correction on appeal. (*People* v. *Menius* (1994) 25 Cal.App.4th 1290, 1295 [31 Cal.Rptr.2d 15].)

II.

*Section 1385 Discretion and the Silent Record*

In his appeal appellant argued the trial court erred because it failed to exercise its discretion pursuant to section 1385 to strike his prior conviction and thus take his case out of the Three Strikes sentencing scheme. His

argument rested on the premise that to deprive the trial court of that discretion would be a violation of the constitutional doctrine of the separation of powers between the executive and judicial branches of government. We filed our original opinion, and on the subject of section 1385 discretion noted only that nothing in the record reveals the trial court was asked to exercise its discretion; we thus rejected appellant's argument on a theory of waiver and cited *People* v. *Peel* (1993) 17 Cal.App.4th 594, 598-599 [21 Cal.Rptr.2d 449]. Appellant then asked us to reconsider our opinion pertaining only to an issue unrelated to section 1385 discretion. Thereafter, the Supreme Court filed *People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628], which held the trial court does indeed in appropriate circumstances retain the discretion to dismiss a prior conviction allegation and thus either remove the case from the ambit of Three Strikes, or reduce the case from a Three Strikes to a Two Strikes case. The Supreme Court modified its *Romero* opinion. We then filed a new opinion in which we addressed the unrelated issue, noted *Romero*, and repeated our holding of waiver. Appellant filed a second petition for reconsideration, arguing the doctrine of waiver is an inappropriate vehicle with which to decide the issue.

The controversy stems from footnote 13, as modified, in *Romero*. It reads in full, with the portion added by modification italicized: "Our holding, which relates only to sentencing, is fully retroactive. (See *People* v. *Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8 [193 Cal.Rptr.2d 882, 667 P.2d 686]; *People* v. *Tenorio, supra,* 3 Cal.3d at p. 95, fn. 2.) A defendant serving a sentence under the Three Strikes law (§ 667, subds. (b)-(i); § 1170.12) imposed by a court that misunderstood the scope of its discretion to strike prior felony conviction allegations in furtherance of justice pursuant to section 1385(a), *may raise the issue on appeal, or, if relief on appeal is no longer available,* may file a petition for habeas corpus to secure reconsideration of the sentence. Such a petition should be filed in the sentencing court. (*People* v. *Tenorio, supra,* 3 Cal.3d at p. 95, fn. 2.) Such a petition may be summarily denied if the record shows that the sentencing court was aware that it possessed the discretion to strike prior felony conviction allegations without the concurrence of the prosecuting attorney and did not strike the allegations, or if the record shows that the sentencing court clearly indicated that it would not, in any event, have exercised its discretion to strike the allegations. (*People* v. *Belmontes, supra,* 34 Cal.3d at p. 348, fn. 8.)" (*People* v. *Superior Court (Romero), supra,* 13 Cal.4th at p. 530, fn. 13, as mod. 13 Cal.4th at p. 1016a.)

■ As the footnote makes clear, a defendant sentenced pursuant to the Three Strikes law may assert that the trial court failed to recognize its discretion under section 1385 either on appeal, or if "appeal is no longer

available," by petition for writ of habeas corpus. The Supreme Court then instructs that if a defendant pursues a petition for writ of habeas corpus, the court may summarily deny the petition if the record discloses the sentencing court was aware of its discretion or if that court clearly indicated it would not have struck the prior conviction allegations in any event. In other words, unless either of these two circumstances exist, the court must consider the petition for writ on its merits.

However, the language of *Romero* does not discuss how a reviewing court, examining the matter on appeal, is to determine when or under what circumstances the matter should be remanded for discretionary consideration by the sentencing court pursuant to section 1385. Absent direction to the contrary, we resort to well-settled principles of appellate review. ▮ We note this is a true silent record case—neither counsel for appellant nor the prosecutor made any suggestion that the sentencing court exercise its discretion. There was not a hint. The court made no comment that we can construe as even the slightest indication regarding its belief about discretion or about how it might rule were the issue before it.

From a silent record, we cannot determine the sentencing court misunderstood its authority or discretion. "We must indulge in every presumption to uphold a judgment, and it is defendant's burden on appeal to affirmatively demonstrate error—it will not be presumed. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 268, p. 276.)" (*People* v. *Garcia* (1987) 195 Cal.App.3d 191, 198 [240 Cal.Rptr. 703]; see also *People* v. *Blackwood* (1983) 138 Cal.App.3d 939, 949 [188 Cal.Rptr. 359].)

Accordingly, from this silent record, we find no error.

### DISPOSITION

The trial court is directed to enter an order vacating the order staying imposition of the section 667.5, subdivision (b) enhancement, to prepare a new abstract of judgment incorporating the modification, and to forward a copy of the new abstract of judgment to the California Department of Corrections. In all other respects, the judgment is affirmed.

Thaxter, J., and Buckley, J., concurred.

A petition for a rehearing was denied September 20, 1996, and appellant's petition for review by the Supreme Court was denied December 11, 1996. Mosk, J., Kennard, J., and Werdegar, J., were of the opinion that the petition should be granted.