*367 Opinion
RAYE, J.
A jury convicted defendant of escaping from prison by force (Pen. Code, § 4530, subd. (a)) and found he incurred five serious felony convictions (Pen. Code, § 667).[1] He was sentenced to 25 years to life in prison.
On appeal, he contends: (1) the record contains insufficient evidence of force to support his conviction; (2) this case must be remanded to allow the trial court to exercise its discretion to strike his serious felony convictions; and (3) his sentence is cruel and unusual punishment. We shall affirm the conviction, but vacate the sentence and remand this case to the trial court to allow the court to exercise its discretion whether to strike defendant’s “strikes.”
Facts
As the facts are not in dispute, only a brief summary is necessary. Defendant and his codefendant, Raymond Delgado, inmates assigned to a minimum security area of Folsom prison and who worked in the recycling center, escaped by cutting two aluminum retaining pins, or tie down rings, which held the bottom of a chain link fence to a horizontal bar running along the top of a cinder block wall, and stretching the fence so that a grown man could crawl under it. To cut the pins, the men used a “tipping tool" or a golf club with a hooked head which is used to sort the city garbage processed by the prison. The police eventually apprehended the two men after stopping a motor home in which the two had gained admittance.[2]
Defendant testified that he and Delgado became intoxicated on wine defendant found in the city garbage on the day in question. Later, defendant saw Delgado rolling in the dirt outside of the chain link fence as if something were attacking him. Defendant then followed the panicked and paranoid Delgado through various escapades, intending to return with him to the prison facility. Eventually realizing Delgado was too frightened to return to the prison, they obtained a ride from the motor home driver on the pretext that they had been fighting a fire and needed a ride to the police or fire station. Once at the police or fire station, defendant intended to turn Delgado and himself in.
*368 I. Sufficiency of the Evidence*
II. Remand Under Romero
Defendant contends on appeal that this matter must be remanded to the trial court to permit that court to exercise its discretion to dismiss his serious felony convictions pursuant to People v. Superior Court (Romero) (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628]. At sentencing, neither the defense counsel nor the trial court discussed the court’s power to strike defendant’s “strikes.” Thus, we face a silent record.
In addressing this issue, we recognize a division of opinion among the Courts of Appeal. Several districts, relying on the principle that reviewing courts will indulge every reasonable presumption to uphold a judgment, have declined to presume error where the record did not establish on its face that the trial court misunderstood the scope of its discretion. (People v. White Eagle (1996) 48 Cal.App.4th 1511, 1521-1523 [56 Cal.Rptr.2d 749]; People v. Davis (1996) 50 Cal.App.4th 168, 170-173 [57 Cal.Rptr.2d 659]; People v. Alvarez (1996) 49 Cal.App.4th 679, 693-696 [56 Cal.Rptr.2d [3] Two *369 other districts have followed a different path to the same conclusion, reasoning defendant’s failure to request the court to exercise its discretion constituted waiver as that concept was employed in People v. Scott (1994) 9 Cal.4th 331, 348 [36 Cal.Rptr.2d 627, 885 P.2d 1040], to preclude raising for the first time on appeal objections to the trial court’s statement of reasons in support of its discretionary sentencing choices. (People v. Rocha (1996) 48 Cal.App.4th 1060, 1072, fn. 7 [56 Cal.Rptr.2d 212]; People v. Askey (1996) 49 Cal.App.4th 381 [56 Cal.Rptr.2d 782].)[4] We disagree with these cases and shall remand this matter to permit the trial court to exercise its discretion.
In People v. Superior Court (Romero), supra, 13 Cal.4th 497, our Supreme Court held that the trial court retains the authority to dismiss serious felony convictions alleged pursuant to sections 667 or 1170.12 on its own motion pursuant to section 1385. (13 Cal.4th at p. 504.) Concluding the Romero decision was fully retroactive, the Supreme Court stated: “A defendant serving a sentence under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12) imposed by a court that misunderstood the scope of its discretion to strike prior felony conviction allegations in furtherance of justice pursuant to section 1385(a), may raise this issue on appeal, or, if relief on appeal is no longer available, may file a petition for habeas corpus to secure reconsideration of the sentence. . . . [Citation.]” {Id. at p. 530, fn. 13, italics added.) The court continued, further refining its directive: “Such a petition may be summarily denied if the record shows that the sentencing court was aware that it possessed the discretion to strike prior felony conviction allegations without the concurrence of the prosecuting attorney and did not strike the allegations, or if the record shows that the sentencing court clearly indicated that it would not, in any event, have exercised its discretion to strike the allegations. (People v. Belmontes [(1983)] 34 Cal.3d [335,] 348, fn. 8 [193 Cal.Rptr. 882, 667 P.2d 686].)” (People v. Superior Court (Romero), supra, 13 Cal.4th at p. 530, fn. 13, italics added.)
*370 In at least one respect the import of footnote 13 is clear: Absent some affirmative indication in the record that the trial court was aware of its discretion or, in any event, would not have exercised it, a defendant is entitled to further review of a sentence imposed under the three strikes law. White Eagle and other cases purporting to apply “normal rules of appellate review,” conclude that further review can only be secured by filing a petition for habeas corpus. We are not persuaded that the Supreme Court intended to impose such a cumbersome procedure when relief can be very conveniently and expeditiously provided by appeal.[5]
The .approach of footnote 13 replicates that of People v. Belmontes (1983) 34 Cal.3d 335 [193 Cal.Rptr. 882, 667 P.2d 686], cited with approval in the Romero footnote, wherein the Supreme Court also pronounced new sentencing rules, made them retroactive, and instructed on their application to cases already decided. In Belmontes, the court held for the first time that section 667.6, subdivision (c) gives the trial court discretion to sentence under either that statute or section 1170.1. (34 Cal.3d at p. 348, fn. 8.) As with Romero, the Supreme Court made its holding in Belmontes fully retroactive, stating: “Defendants are entitled to sentencing decisions made in the exercise of the ‘informed discretion’ of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that ‘informed discretion’ that one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant’s record. [Citation.] ... [^0 ... [f] If the record demonstrates on its face that the sentencing court was aware of its statutory authority to sentence under section 1170.1, it may be presumed that the court did exercise its discretion in failing to do so, and the petition may be summarily denied. The petition may also be summarily denied if the record reflects that the sentencing court clearly indicated that it would not have exercised discretion to sentence under section 1170.1 even if it had been aware that it had such discretion.” {Ibid., italics added.)
Footnote 8 in Belmontes, like footnote 13 in Romero, contemplated habeas corpus review where “relief on appeal is no longer available” (People v. Superior Court (Romero), supra, 13 Cal.4th at p. 530, fn. 13) or “judgments have become final” (People v. Belmontes, supra, 34 Cal.3d at p. 348, fn. 8). In Belmontes, as in Romero, the Supreme Court did not articulate rules for the appellate review of cases where the record of trial contains no indication that the trial court was aware of its sentencing discretion. Presumably, the “normal rules of appellate review” would apply. Subsequent appellate decisions applying Belmontes found error in records that did not “clearly reflect *371 the trial court’s understanding of its discretion to sentence consecutively . . . (People v. Pitmon (1985) 170 Cal.App.3d 38, 54 [216 Cal.Rptr. 221]; see also People v. Fields (1984) 159 Cal.App.3d 555 [205 Cal.Rptr. 888]; People v. Blevins (1984) 158 Cal.App.3d 64 [204 Cal.Rptr. 124]; People v. Le (1984) 154 Cal.App.3d 1 [200 Cal.Rptr. 839]; People v. Reeder (1984) 152 Cal.App.3d 900 [200 Cal.Rptr. 479].) Unlike the approach followed in White Eagle, appellants were not directed to file a habeas corpus petition; “silent record” cases were remanded for reconsideration of the sentence.
The “normal rules of appellate review” alluded to in White Eagle do not apply when the law is unsettled at the time the trial court must apply it. On this point, People v. Chambers (1982) 136 Cal.App.3d 444 [186 Cal.Rptr. 306] is persuasive. There, the defendant was convicted by a jury of first degree murder (§§ 187, 189) and other offenses. (136 Cal.App.3d at p. 447.) The jury found a special circumstance under the murder count, that defendant murdered the victim during the commission or attempted commission of rape, to be true. {Ibid.) The defendant was sentenced to life imprisonment without the possibility of parole for first degree murder. {Ibid.) The Court of Appeal affirmed, but remanded for exercise of its discretion to determine whether there was a basis for dismissing the finding of special circumstances. {Id. at p. 458.)
No hearing was held to consider mitigating circumstances (§§ 190.3 & 190.4) in Chambers because the prosecution had not sought the death penalty. (People v. Chambers, supra, 136 Cal.App.3d at p. 457.) The sentencing judge indicated he had considered the probation report and “appeared to reason that imprisonment for life without the possibility of parole necessarily followed the conviction of first degree murder coupled with the special circumstance finding.” (Ibid.)
After sentencing in Chambers, the Supreme Court held that trial courts have the authority under section 1385 “to dismiss special circumstance findings in order to make it possible for a person to be eligible for parole.” (People v. Williams (1981) 30 Cal.3d 470, 489 [179 Cal.Rptr. 443, 637 P.2d 1029].) Because the trial court in Williams indicated that it wanted to strike the special circumstance but believed it was without power to do so, the Supreme Court remanded the case to permit the trial court to exercise its discretion. (Williams, supra, 30 Cal.3d at pp. 477, 492; see People v. Chambers, supra, 136 Cal.App.3d at p. 457.)
The Chambers court held a remand for resentencing was equally as appropriate in a silent record case as it was in Williams. “At the time of [Chambers’s] sentencing, it had not been established that sentencing court had discretion in Penal Code section 190.2 cases. [Citations.] Under those circumstances, and in the absence of any suggestion in the record that the trial court *372 exercised its discretion, the usual presumption that the trial court considered the various alternatives and acted correctly—a presumption which the People urge upon us as grounds for refusal to remand—can have no logical application. Given the nature of the appellant’s interest at stake, the relatively minor inconvenience to the state in requiring reconsideration in accordance with Williams, supra, 30 Cal.3d 470, is a small price to pay for assuring that his arguments are adequately considered. We, of course, express no opinion on the merits. We cannot say, however, with the requisite degree of confidence, that the same sentence would have been imposed had the trial court been aware of its authority to exercise discretion in accordance with the Williams rule.” (People v. Chambers, supra, 136 Cal.App.3d at pp. 457-458; People v. George (1984) 157 Cal.App.3d 1053, 1058-1059 [204 Cal.Rptr. 329]; People v. Banks (1983) 147 Cal.App.3d 360, 369-370 [195 Cal.Rptr. 101].)
The rule announced in Chambers reflects a commonsense approach to reviewing decisions rendered by a trial court at a time when the law is in a state of flux or, worse yet, contrary to a subsequent decision of the Supreme Court. As the Supreme Court recognized in citing Chambers with approval, “It is generally presumed that a trial court has followed established law . . . but this presumption does not apply where the law in question was unclear or uncertain when the lower court acted.” (People v. Jeffers (1987) 43 Cal.3d 984, 1000 [239 Cal.Rptr. 886, 741 P.2d 1127].)
When defendant was sentenced on November 27, 1995, every published case addressing the trial court’s authority to strike “strikes” on its own motion pursuant to section 1385 held the trial court no longer retained that discretion. Furthermore, at the time of defendant’s sentencing, the Supreme Court had granted review of the majority of those opinions, while the remainder were not yet final. Indeed, almost seven months passed before the Supreme Court issued its decision in People v. Superior Court (Romero), supra, 13 Cal.4th 497. Clearly then, the law was unsettled at the time of defendant’s sentencing. A number of cases still remain pending before the Supreme Court. (See, e.g., People v. Campos* (Cal.App.) rev. granted Dec. 21, 1995 (S049828); People v. Loomis* (Cal.App.) rev. granted Nov. 16,1995 (S049374); People v. Williams (1995) 46 Cal.App.4th 1522, rev. granted Nov. 16, 1995 (S049295); People v. Gore* (Cal.App.) rev. granted Nov. 22, 1995 (S048866); People v. Petty (1995) 51 Cal.App.4th 203, rev. granted Nov. 2, 1995 (S048702); People v. Bailey* (Cal.App.) rev. granted Nov. *373 16, 1995 (S048808); People v. Glaster* (Cal.App.) rev. granted Oct. 19, 1995 (S048283).)
We therefore are not persuaded by the reasoning of White Eagle. We are even less persuaded by People v. Rocha, supra, 48 Cal.App.4th 1060. The concept of waiver has no application to the issue before us. Unlike People v. Scott, supra, 9 Cal.4th 331, where a defendant was provided an opportunity to object to a trial court’s statement of reasons but said nothing, the statute conferring authority to strike prior convictions does not contemplate action by the defendant. The discretion is that of the trial court which acts in response to a motion by the People or on its own motion. It is unreasonable to hold that defendant’s failure to interpose a motion or objection not even authorized by statute constitutes a waiver of the issue. (People v. Sotomayor (1996) 47 Cal.App.4th 382, 390-391 [54 Cal.Rptr.2d 871].) The concept of waiver is also at odds with the language of footnote 13 (People v. Superior Court (Romero), supra, 13 Cal.4th at p. 530, fh. 13) which does not suggest or even hint at an obligation to raise the issue at trial.
We shall vacate defendant’s sentence and remand this matter to the trial court to allow that court to exercise its discretion in light of Romero.
III. Cruel and Unusual Punishment†

Disposition

The conviction is affirmed, the sentence is vacated, and the matter is remanded to the trial court for the purpose of allowing the court to exercise its discretion whether to strike defendant’s serious felony convictions. If the trial court strikes one or more of the priors, it shall resentence defendant. If the trial court declines to strike the priors, it shall reinstate the sentence previously imposed.
Blease, Acting P. J., concurred.

All undesignated statutory references are to the Penal Code.

The circumstances surrounding the defendant’s entrance into the motor home formed the basis for carjacking and kidnapping allegations which were eventually dismissed for insufficiency of evidence.

See footnote, ante, page 365.

In People v. White Eagle, supra, 48 Cal.App.4th at page 1523, the court stated: “[T]he language of Romero does not discuss how a reviewing court, examining the matter on appeal, is to determine when or under what circumstances the matter should be remanded for discretionary consideration by the sentencing court pursuant to section 1385. Absent direction to the contraiy, we resort to well-settled principles of appellate review. . . . [<¡0 From a silent record, we cannot determine the sentencing court misunderstood its authority or discretion. ‘We must indulge in every presumption to uphold a judgment, and it is the defendant’s burden on appeal to affirmatively demonstrate error—it will not be presumed. [Citation.]’ [Citations.] [SD Accordingly, from this silent record, we find no error.”
The court in People v. Davis, supra, 50 Cal.App.4th at pages 172-173, concluded: “As we read Romero it does not purport to suspend the normal rules of appellate review. The very settled rule of appellate review is a trial court’s order/judgment is presumed to be correct, error is never presumed, and the appealing party must affirmatively demonstrate error on the face of the record. [Citations.] Applying these rules to the record noted in Romero—i.e., that the trial court misunderstood its discretion to strike a prior felony conviction allegation under section 1385(a)—requires the appellant affirmatively demonstrate that the trial court misunderstood its sentencing discretion. Where, as here, the record is completely silent, that burden has not been sustained. In such circumstances, the appropriate response by an appellate court, and the response we believe the Supreme Court envisioned in Romero, is to affirm the judgment and relegate the defendant to the remedy of habeas corpus if he can affirmatively demonstrate error.”
Finally, in People v. Alvarez, supra, 49 Cal.App.4th at pages 693-695, the trial court denied without comment the defendant’s motion to strike his serious felony convictions on separation of powers grounds. On appeal, the court stated: “Here, defendant has failed to point to any part of the record which affirmatively shows the trial court ‘misunderstood the scope of its *369 discretion to strike prior felony conviction allegations . . . pursuant to section 1358(a).’ Instead, all we have is a record showing the trial court rejected defendant’s separation of powers argument, and nothing more. We decline to automatically presume the trial court erroneously believed it had no discretion to strike defendant’s priors in the absence of some affirmative showing that it misunderstood its discretion. To do so would require us to engage in pure speculation, and violate a basic tenet of appellate review.” (Id. at p. 695.)

In People v. Rocha, supra, 48 Cal.App.4th at page 1072, footnote 7, the court discussed the issue only in passing, stating: “By supplemental letter brief appellant urges remand so the trial court may determine whether or not to exercise its limited discretion to dismiss one or more ‘strikes.’ [Citation.] We reject this request because no dismissal motion was made to the trial court. Additionally, the record fails to show the trial court misunderstood its section 1385 discretion.”
In People v. Askey, supra, 49 Cal.App.4th at page 388, the court stated: “In this case, the trial court was not asked to exercise its discretion to strike one of Askey’s prior convictions. Thus, any error in the propriety of the trial court’s failure to exercise with respect to striking a prior conviction for the purpose of sentencing has been waived. [Citation.]”

We appreciate that habeas corpus relief, while cumbersome to the defendant, may offer certain practical advantages to trial courts. Though we are mindful of the consequences of our decisions, administrative convenience cannot be our guiding light.

Reporter’s Note: People v. Campos (B086077), on October 1, 1997, cause transferred to Court of Appeal, Second Appellate District, Division Seven, with directions to vacate its decision and reconsider; People v. Loomis (B086628), on October 1, 1997, cause transferred to Court of Appeal, Second Appellate District, Division Three, with directions to vacate its decision and reconsider; People v. Gore (B089331), on October 1, 1997, cause transferred to Court of Appeal, Second Appellate District, Division Seven, with directions to vacate its decision and reconsider; People v. Bailey (B087285), on October 1,1997, cause transferred to Court of Appeal, Second Appellate District, Division Seven, with directions to vacate its decision and reconsider.

Reporter’s Note: People v. Glaster (B086215), on October 1, 1997, cause transferred to Court of Appeal, Second Appellate District, Division Two, with directions to vacate its decision and reconsider.

See footnote, ante, page 365.