Filed 11/25/13  P. v. Garcia CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057766 |
| v. | (Super.Ct.No. SWF1200349) |
| JOSE ELIAS GARCIA, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Michael J. Rushton, Judge.  Affirmed.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Jose Elias Garcia, Jr., appeals from a felony judgment of conviction of violating Vehicle Code sections 23152, subdivision (a), and 23152, subdivision (b), claiming an improper "dual use" in calculating his sentence.[1]  We disagree, and affirm.

## STATEMENT OF FACTS

Because defendant pleaded guilty and challenges only his sentence, no detailed recitation of the facts is necessary.  According to the probation report,[2] defendant was stopped when a law enforcement officer observed his vehicle travelling over the speed limit and crossing lane lines just before 11:00 o'clock in the morning.  Defendant smelled of alcohol, had bloodshot and glassy eyes, and his speech was slurred.  Defendant eventually admitted he had consumed six beers the previous evening.  The results of a preliminary blood alcohol screening were percentages of 0.156 and 0.161.  After his arrest, a breath test registered at 0.14 percent.

As noted above, defendant pleaded guilty and admitted a prior conviction which was alleged both as a "prior prison term" enhancement under Penal Code section 667.5, subdivision (b), and a "strike" pursuant to Penal Code section 667, subdivisions (c) and

---

[1]  The offenses were elevated to felonies due to defendant's prior conviction for gross vehicular manslaughter involving alcohol.  (Pen. Code, § 191.5, subd. (a); Veh. Code, § 23550.5, subd. (b).)

[2]  Defendant waived his right to a preliminary hearing, so the probation report is the sole available source of facts.

(e)(1). This conviction occurred in 2006 and was for gross vehicular manslaughter while intoxicated. (Pen. Code, § 191.5, subd. (a).)[3]

There was no specified sentence. At sentencing, the trial court imposed the upper term of six years (three years, doubled for the "strike" prior) for the conviction under Vehicle Code section 23152, subdivision (a), and also imposed the one-year prior under section 667.5, subdivision (b).[4] In selecting the upper term, the court noted defendant's prior prison term, and the fact that while on parole for the prior conviction his parole had been revoked for drinking. While the court noted in mitigation that defendant had pleaded guilty (albeit on the day set for trial), the court was also concerned that defendant admitted to the probation officer that he began drinking approximately a month after his strict parole (which involved testing) terminated, and that he had been intoxicated several times before the incident leading to his arrest. The court also commented that as defendant had been driving a Hummer, any collision would likely have had serious consequences and that he had been driving erratically.

Defendant argues that his prior conviction under Penal Code section 191.5, subdivision (a), was improperly used to elevate his offense to a felony, to justify the upper term, and to impose the one-year enhancement. He is incorrect.

---

[3] Erroneously cited in the complaint as Vehicle Code section 191.5, subdivision (a).

[4] The sentence on the other count ran concurrently.

DISCUSSION

It is clear that "[t]he court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law." (Pen. Code, § 1170, subd. (b).) It is similarly well-established that a fact that is an *element* of an offense cannot be used to justify the upper term. (*People v. Bowen* (1992) 11 Cal.App.4th 102, 105.) Thus, defendant's prior conviction for which a one-year enhancement was imposed could not be used to impose the upper term for the current conviction.

However, a single aggravating factor is sufficient to support the selection of the upper term. (*People v. Black* (2007) 41 Cal.4th 799, 815.) And the circumstances surrounding the crime may be taken into account as long as they do not constitute legal elements of the offense. (Cal. Rules of Court, rule 4.421(a); *People v. Castorena* (1996) 51 Cal.App.4th 558, 562; see also *People v. Weaver* (2007) 149 Cal.App.4th 1301, 1316-1317.) Here, the trial court expressly relied on defendant's poor performance while on parole (Cal. Rules of Court, rule 4.421(b)(5)); the speed at which he "fell off the wagon" once released from parole supervision; and the fact that at the time of the offense, he was sufficiently impaired to constitute a clear danger to other motorists. These factors adequately supported the upper term without any need for reliance on the prior conviction.

Finally, even if a court lists both proper and improper factors to explain its sentencing choice, reversal for resentencing is required only if it appears reasonably

4

probable that the court would have chosen a lesser sentence had it known that one or more of the factors upon which it relied were improper. (*People v. Price* (1991) 1 Cal.4th 324, 492.) Defendant argues that such a reasonable probability exists here, but we disagree. Taken overall, it is apparent that the court here did not consider this a close case, and was far more impressed by defendant's conduct (or misconduct) *after* the prior conviction than it was by the fact of that conviction alone. We entirely disagree with defendant's characterization of the conviction as the "dominant" factor; it was the fact that defendant continued to drink, and drink and drive after that conviction, including while on parole, that was the primary factor motivating the trial court's decision.[5]

Defendant also appears to argue that it was improper to use the prior conviction both to elevate the current offense to a felony and to double the penalty as a "strike," but cites no authority on the point. Case law is to the contrary. (*People v. White Eagle* (1996) 48 Cal.App.4th 1511, 1517-1519 (*White Eagle*) [holding that a prior robbery conviction may be used 1) to elevate petty theft to a felony, 2) to sentence under the "Three Strikes" law,[6] *and*, 3) to impose a five-year enhancement under Penal Code section 667]; see also *People v. Murphy* (2001) 25 Cal.4th 136, 156, citing *White Eagle* on the point.)

---

[5] Defendant points out that the probation officer's report recommended the middle term. We respond that the trial court commented that "I don't know if they are crazy, but . . . the recommended sentence doesn't seem to match up with the underlying analysis."

[6] Penal Code section 667, subdivisions (b)-(i).

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

KING
J.

MILLER
J.

6