Filed 2/4/15  P. v. Holston CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>THERON KENNETH HOLSTON,<br><br>Defendant and Appellant. | C075148<br><br>(Super. Ct. No. CRPV1308) |

Defendant Theron Kenneth Holston violated parole by tampering with his global positioning system (GPS) tracking device.  On the petition of the local supervising parole agency and by the admission and agreement of defendant, the trial court found defendant in violation of his parole, revoked his parole, ordered him to a substance abuse program for 180 days, awarded him 69 days' credit, and reinstated parole.  When defendant failed to complete the court-ordered program, the court found a second parole violation, revoked defendant's parole, sentenced him to serve 180 days in county jail, awarded him 36 days' credit (18 custody and 18 conduct), and reinstated his parole.

1

Defendant appeals both judgments.[1]  First, he contends the trial court exceeded its jurisdiction on September 23, 2013, by sentencing him to serve 180 days in a substance abuse program as punishment for a parole violation because that punishment was not authorized by section 3000.08, subdivision (f).  Defendant next contends that because the court's judgment on the first parole violation exceeded the court's jurisdiction, the court erred when it revoked parole based on its finding defendant violated parole a second time by failing to complete the program.  Finally, defendant contends the court erred in calculating defendant's custody credits when it sentenced him to serve 180 days in county jail on October 28, 2013.

We conclude the trial court's judgment and sentence on September 23, 2013, complies with the strictures of section 3000.08, subdivision (f)(1), by reinstating defendant on parole and modifying the conditions of that parole to include a period of 180 days at a specified substance abuse program.  We also conclude defendant's failure to complete the substance abuse program was a new violation of a condition of his parole, and the trial court properly calculated defendant's custody credits when it sentenced him to county jail following the second parole violation.  Accordingly, we affirm the judgments.

---

[1]     Penal Code section 3000.08, subdivisions (c) and (f), establish the court's authority to determine and punish parole violations by those subject to its jurisdiction. (Undesignated statutory references are to the Penal Code.)  We agree with defendant and the Attorney General that a court's parole revocation order pursuant to section 3000.08, much like a probation revocation order, is a postjudgment order that affects the substantial rights of defendant and therefore is appealable pursuant to section 1237, subdivision (b).  (See *People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421 [noting an order modifying the terms of probation is appealable because it affects the substantial rights of the defendant].)

DISCUSSION

# I

## *September 23, 2013, Judgment and Sentence*

Defendant contends the trial court erred when it sentenced him to serve 180 days in a substance abuse program, because the sentence was not authorized by section 3000.08, subdivision (f). We disagree and conclude the imposition of 180 days in the program was a modification of defendant's parole conditions pursuant to section 3000.08, subdivision (f)(1).

Section 3000.08, subdivision (f), provides that when a local agency supervising a parolee finds the sanctions within its authority are insufficient to punish the violation, the agency may request that parole be revoked. In that instance, upon finding the parolee has violated the conditions of parole, the court may: "(1) Return the person to parole supervision with modification of conditions, if appropriate, including a period of incarceration in county jail. [¶] (2) Revoke parole and order the person to confinement in the county jail. [Or] [¶] (3) Refer the person to a reentry court pursuant to Section 3015 or other evidence-based program in the court's discretion." (§ 3000.08, subd. (f).) Any confinement in county jail under options (1) or (2) may not exceed 180 days. (§ 3000.08, subd. (g).)

In sentencing defendant on the initial parole violation, the trial court stated: "I find Defendant is in violation of the terms and conditions of his parole. I'm going to reinstate Defendant on parole. . . . You are ordered to serve 180 days in jail converted to the program. 180 days. You are ordered to remain at Oroville Rescue Mission for the balance of--we have 180 days minus 35 plus 34 for 69, which means you have to remain in a minimum of 111 days." The court further ordered that defendant "is reinstated on parole, ordered to not vandalize the GPS device and to wear it." Prior to sentencing, the

court advised defendant that if he failed to complete the program he would be facing a new violation of parole.

Defendant relies on the trial court's language that he was to "serve 180 days in jail converted to the program," the notations in the court's minute orders that defendant was to be "imprisoned" in the substance abuse program, and was sentenced to jail to support his interpretation of the sentence imposed. Based on the record, we conclude the court intended to impose the substance abuse program as a parole condition.

Defendant's reliance on the minute orders is misplaced. First, the minute orders were formulaic and appear to have preexisted the court's newly added responsibility to hear parole violations.[2] They include sentencing options for court trials and violations of probation, but do not make reference or provide options for sentencing following parole revocation hearings. Thus, we disregard the standardized language used in those forms and rely instead on the court's oral pronouncement of the judgment and sentence. (*People v. Freitas* (2009) 179 Cal.App.4th 747, 750, fn. 2 [when there is a discrepancy between the oral pronouncement of a sentence and the written order, the oral pronouncement controls because it "constitutes the rendition of judgment," whereas "the written document is ministerial"]; accord *People v. Jones* (2012) 54 Cal.4th 1, 89 [oral pronouncement is judgment and written abstract of judgment does not add to or modify judgment as orally pronounced]; *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1345-

---

**2** Section 3000.08 became operative July 1, 2013, only two months before the trial court sentenced defendant. (Stats. 2012, ch. 43, § 35, eff. June 27, 2012, operative July 1, 2013.) The realignment legislation enacting section 3000.08 marked a drastic overhaul in the procedure of holding parole revocation hearings, shifting the responsibility from the Department of Corrections and Rehabilitation to local courts. (§ 3000.08, subd. (m) [operative date]; *Armstrong v. Brown* (2013) 732 F.3d 955, 960-961 [noting courts rather than state officials now conduct parole revocation hearings].)

1346 [oral pronouncement of probation conditions controls]; *People v. Gabriel* (2010) 189 Cal.App.4th 1070, 1073 [same].)

We are left with the trial court's oral pronouncement of judgment. " 'We must indulge in every presumption to uphold a judgment, and it is defendant's burden on appeal to affirmatively demonstrate error--it will not be presumed. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 268, p. 276.)' [Citations.]" (*People v. White Eagle* (1996) 48 Cal.App.4th 1511, 1523.) Here, the trial court revoked and reinstated parole and ordered defendant "to serve 180 days in jail converted to [a substance abuse] program." The trial court also advised defendant a failure to complete the program would be a new violation of his parole. An order to participate in a substance abuse program can be construed as a new parole condition. (See *In re Shaputis* (2008) 44 Cal.4th 1241, 1253 [order to participate in substance abuse program imposed as a parole condition].) Also, the trial court's advisement to defendant signifies completion of the substance abuse program was a new condition of parole imposed by the court. Accordingly, we conclude the trial court's oral pronouncement of the judgment conformed with section 3000.08, subdivision (f)(1) -- reinstatement of defendant on parole with a modification of parole conditions.

## II

### *October 28, 2013, Judgment and Sentence*

Defendant claims the trial court lacked jurisdiction to impose the judgment for his second parole violation because (1) his sentence to the program was not imposed as a parole condition and (2) in the absence of a parole condition, it could not be shown he violated said condition. Since we have found completion of the program was a parole condition, we reject defendant's claim the court lacked jurisdiction to revoke parole and sentence defendant to serve 180 days in county jail for failing to complete the program.

5

### III

### *Custody Credits*

Defendant claims the trial court failed to award him credits for the days he served in the program when it sentenced him to jail for violating parole. He claims he should have been awarded 122 days of custody credit: 69 days of custody and conduct credit accrued prior to sentencing for defendant's first parole violation; 17 days of custody credit for the period he served in the program; and 36 days of custody and conduct credit accrued prior to sentencing for his second parole violation.[3] The Attorney General contends that since defendant's current sentence relates only to defendant's second parole violation, he is entitled only to the 36 days' credit accrued prior to sentencing on that parole violation.

Section 2900.5, subdivision (a), provides, in pertinent part, that "when the defendant has been in custody . . . , all days of custody of the defendant . . . shall be credited upon his or her term of imprisonment . . . ." However, "credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted." (§ 2900.5, subd. (b).) Thus, with respect to his sentence on the second parole violation, defendant is entitled only to have credits awarded for time he spent in custody related to that parole violation. Here, the trial court awarded defendant 36 days' credit (18 custody credits pursuant to section 2900.5 and 18 conduct credits pursuant to section 4019) for time served after the second

---

[3]    As completion of the substance abuse program was a parole condition, we affirm the court's October 28, 2013, judgment that defendant's failure to complete the program was an additional parole violation. Consequently, we reject defendant's contention there was only one parole violation. He claims a defendant may be sentenced to a maximum of 180 days on a parole violation. And, any excess days he served (whether in the program or in jail) should be credited against his remaining parole period.

parole violation and prior to sentencing for the second parole violation. Accordingly, we conclude there was no error in the trial court's award of presentence credits.

## DISPOSITION

The judgments are affirmed.

<u>      HOCH      </u>, J.

We concur:

<u>      BLEASE      </u>, Acting P. J.

<u>   NICHOLSON   </u>, J.

7