Filed 9/12/16  P. v. Santoyo CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

THE PEOPLE,

     Plaintiff and Respondent,          A144703

     v.          (Solano County
                                  Super. Ct. No. FCR305934)

GABRIEL H. SANTOYO,

     Defendant and Appellant.

_____/

A jury convicted Gabriel H. Santoyo of second degree robbery (Pen. Code, § 211)[1] and the trial court found he had a prior serious felony conviction (§ 667, subd. (a)(1) (serious felony prior)) and had served a prison term for that conviction (§ 667.5, subd. (a) (prison prior)).  The court sentenced Santoyo to three years in state prison.

Santoyo appeals.  He contends the court erred by failing to instruct the jury with CALCRIM No. 358, which directs the jury to consider a defendant's inculpatory statements with caution, and with CALCRIM No. 359, the corpus delicti rule.  Santoyo also argues — and the People agree — the sentencing minute order and abstract of judgment should be modified.

---

[1]     Unless noted, all further statutory references are to the Penal Code.

1

We modify the sentencing minute order and abstract of judgment.  As modified, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The prosecution charged Santoyo with second degree robbery (§ 211) and alleged a five-year enhancement for the serious felony prior (§ 667, subd. (a)(1)) and a three-year enhancement for the prison prior (§ 667.5, subd. (a)).

*Prosecution Evidence*

In February 2014, Katy Herrman was working at Sam's Club in Vacaville when she heard "an alarm go off[.]"  Hermann walked toward a fire exit door, where customers were not allowed, and "poked [her] head out" the door.  She saw a man — later identified as Santoyo — "grabbing merchandise" from a shopping cart and placing it into a red Nissan sedan.  Herrman was close to Santoyo and got a "good look" at him.  Herrman "grabbed" the shopping cart from Santoyo and heard him say — "clear as day" — "'Back off.  I have a gun.'"  Herrman did not see a gun, but she was afraid Santoyo could "pull [the gun] out . . . when someone says they have a gun, that's your life on the line."

Another Sam's Club employee, Jesus Garcia, arrived and saw Santoyo loading store items from a shopping cart into a car.  He also saw Herrman wrestling the cart from Santoyo.  Garcia heard Herrman whisper, "'get back.  He has a gun.'"[2]  Herrman seemed "shaken" and there was "panic in [her] voice."  Hermann pulled the shopping cart back into the store and the fire door closed.  Then Herrman and Garcia heard a door slam; they looked out the fire door and saw Santoyo driving away.  Herrman and Garcia saw the license plate number and repeated it aloud so they "didn't forget it."  The entire incident lasted about "10, 20 seconds.  It was fairly quick."

An assistant manager called the police.  Shortly thereafter, police officers found Santoyo moving Sam's Club merchandise between a red Nissan and another car.  The officers also found a "BB look-a-like replica gun" in the trunk of Santoyo's car.  Santoyo took $326.40 of merchandise from Sam's Club.

_____

[2]     Garcia was not close to Santoyo and did not hear him speak to Herrman.

2

*Closing Argument and Jury Instructions*

During closing argument, defense counsel argued there was "no evidence" Santoyo "possessed a gun, brandished a gun, pointed a gun . . . during this theft" and urged the jury to "use caution in evaluating whether or not an oral statement was made." Counsel explained, "there is a jury instruction that's directly on point that is the law that I am going to refer you to. And that's CALCRIM [No.] 358. . . . And this references a defendant's oral statement. [¶] . . . what it says is, 'You have heard evidence that the defendant made an oral or written statement before trial. You must decide whether or not the defendant made any such statements in whole or in part. If you decide that the defendant made such a statement, consider the statement along with all other evidence in reaching your verdict. It is up to you to decide how much importance to give to such a statement. You must consider with caution evidence of a defendant's oral statement unless it was written or otherwise recorded.'"

Defense counsel continued: "Now, what this law cautions you to do is to be cautious about statements that were just spoken but not otherwise written or recorded. Does that mean we give it no weight? No. But we have to view such statements with caution. And that's because in everyday life when we are just talking about day-to-day conversation, think about how many times somebody has said something to you on an everyday basis, and you ask them, 'What did you say?' to clarify because you were not accurate — you did not accurately hear what that person said." Counsel argued Herrman's "memory" of the incident was "inaccurate" and "unclear" because she was "under a significant amount of shock." Defense counsel also "caution[ed]" the jury to "accept whether or not Mr. Santoyo ever made those statements" to Herrman.

The court instructed the jury with CALCRIM No. 226, which advised the jury to consider, among other things, how well a witness could "see, hear, or otherwise perceive the things about which the witness testified," how well the witness was "able to remember and describe to you what happened," and whether the witness's testimony was influenced by "bias, prejudice, a personal relationship with someone involved in this case or a personal interest in how this case is decided[.]" The court also instructed the jury

3

with CALCRIM Nos. 105 and 302 on how to determine the credibility of witnesses' statements and testimony, and how to evaluate conflicting evidence.

After the jury began to deliberate, defense counsel requested the court instruct the jury with CALCRIM Nos. 358 and 359. The court declined to give CALCRIM No. 358, concluding Santoyo's threat regarding the gun was "an element of the offense" and the instruction applied only to admissions or confessions. The court also declined to instruct the jury with CALCRIM No. 359.

*Verdict and Sentence*

In January 2015, the jury convicted Santoyo of second degree robbery (§ 211) and the court found both the serious felony prior (§ 667, subd. (a)(1)) and prison prior (§ 667.5, subd. (a)) enhancements true. At the March 2015 sentencing hearing, the court imposed the middle term of three years in state prison.

DISCUSSION

I.

*Failing to Instruct the Jury with CALCRIM No. 358*
*Was Harmless Error*

Santoyo claims the court erred by failing to instruct the jury to view his statement, "Back off. I have a gun" with caution pursuant to CALCRIM No. 358. The People concede the court erred by refusing to give the instruction, but claim the error was harmless. We agree.

CALCRIM No. 358 — often referred to as the "cautionary instruction" — provides in relevant part: "You have heard evidence that the defendant made [an] oral . . . statement (before the trial/while the court was not in session). You must decide whether the defendant made any . . . statement, in whole or in part. If you decide that the defendant made such [a] statement, consider the statement, along with all the other evidence, in reaching your verdict. It is up to you to decide how much importance to give to the statement. [¶] [Consider with caution any statement made by [a] defendant tending to show [his] guilt unless the statement was written or otherwise recorded.]"

At the time of Santoyo's January 2015 trial, the court had a sua sponte duty to give CALCRIM No. 358. (See *People v. Diaz* (2015) 60 Cal.4th 1176, 1190 (*Diaz*).) In *Diaz*, however, our Supreme Court eliminated the sua sponte duty to give the instruction. (*Id.* at pp. 1189, 1195.) We need not decide whether *Diaz*'s holding applies retroactively because it is not reasonably probable Santoyo would have received a more favorable result had the instruction been given. (See *id.* at pp. 1195-1196 [declining to decide whether new rule applied retroactively, and concluding the failure to instruct was harmless]; *People v. Miranda* (2015) 236 Cal.App.4th 978, 990 [same].)

The error in declining to give the cautionary instruction was harmless because defense counsel read CALCRIM No. 358 to the jury, and the court instructed the jury with CALCRIM Nos. 105, 226, and 302 on how to assess witness credibility. (*Diaz, supra,* 60 Cal.4th at p. 1191.) "These general instructions, like the cautionary instruction, 'aid the jury in determining whether [the defendant's extrajudicial statement] was in fact made.'" (*Ibid.*) "'[W]hen the trial court otherwise has thoroughly instructed the jury on assessing the credibility of witnesses,'" the courts have "'concluded the jury was adequately warned to view their testimony with caution.'" (*Id.* at p. 1196; see also *People v. Andrade* (2015) 238 Cal.App.4th 1274, 1300 (*Andrade*) [error in declining to give cautionary instruction was harmless in part because the trial court instructed the jury with CALCRIM No. 226].) Under the circumstances, the court's failure to instruct the jury with CALCRIM No. 358 was not prejudicial. (*People v. Dickey* (2005) 35 Cal.4th 884, 905-906.)

The error did not, as Santoyo contends, violate his rights to due process and a fair trial. It is well settled "'"[m]ere instructional error under state law regarding how the jury should consider evidence does not violate the United States Constitution,"'" nor does "'"[f]ailure to give the cautionary instruction . . . make the trial fundamentally unfair."'" (*Andrade, supra,* 238 Cal.App.4th at p. 1300, quoting *People v. Dickey, supra,* 35 Cal.4th at p. 905; see also *Diaz, supra,* 60 Cal.4th at p. 1196.)

5

## II.

### *Any Assumed Error in Failing to Instruct the Jury with CALCRIM No. 359 Was Harmless*

Santoyo argues the court erred by failing to instruct the jury with CALCRIM No. 359, the corpus delicti rule. CALCRIM No. 359 provides in relevant part: "The defendant may not be convicted of any crime based on [his] out-of-court statement[s] alone. You may rely on the defendant's out-of-court statements to convict [him] only if you first conclude that other evidence shows that the charged crime [or a lesser included offense] was committed. [¶] That other evidence may be slight and need only be enough to support a reasonable inference that a crime was committed. [¶] . . . [T]he identity of the person who committed it [and the degree of the crime] may be proved by the defendant's statement[s] alone. [¶] You may not convict the defendant unless the People have proved [his] guilt beyond a reasonable doubt."

"'Whenever an accused's extrajudicial statements form part of the prosecution's evidence, the cases have additionally required the trial court to *instruct* sua sponte that a finding of guilt cannot be predicated on the statements alone. [Citations.]' [Citation.] 'Error in omitting a corpus delicti instruction is considered harmless, and thus no basis for reversal, if there appears no reasonable probability the jury would have reached a result more favorable to the defendant had the instruction been given. [Citations.]' [Citation.]" (*Andrade, supra,* 238 Cal.App.4th at p. 1299.) As long as there is "'a slight or prima facie showing' permitting an inference of injury, loss, or harm from a criminal agency, after which the defendant's statements may be considered to strengthen the case on all issues. [Citations.]" (*People v. Alvarez* (2002) 27 Cal.4th 1161, 1181.) "If, as a matter of law, this 'slight or prima facie' showing was made, a rational jury, properly instructed, could not have found otherwise, and the omission of an independent-proof instruction is necessarily harmless." (*Id.* at p. 1181.)

Here, any assumed error in failing to instruct the jury with CALCRIM No. 359 was harmless. (*Andrade, supra*, 238 Cal.App.4th at p. 1299.) In closing argument, defense counsel conceded a theft occurred, and the evidence that Santoyo committed

robbery was strong. Herrman and Garcia testified Santoyo took items from Sam's Club without paying for them, and Sam's Club merchandise was found in Santoyo's car. Herrman testified Santoyo told her to "[b]ack off" because he had a "gun" and she repeated this statement to Garcia. While Garcia did not hear Santoyo threaten Herrman — possibly because he was out of earshot — Herrman seemed "shaken" and there was "panic in [her] voice" which tended to corroborate the threat. Moreover, police found a replica gun in Santoyo's trunk, adding credence to Herrman's testimony that Santoyo made the threatening statement. We conclude any failure in instructing the jury with CALCRIM No. 349 was harmless. (*People v. Alvarez, supra,* 27 Cal.4th at pp. 1181-1182; *People v. Rosales* (2014) 222 Cal.App.4th 1254, 1261.)

III.

*The Sentencing Minute Order and Abstract of Judgment*
*Must Be Modified*

As stated above, the court found true the serious felony prior (§ 667, subd. (a)(1)) and prison prior (§ 667.5, subd. (a)) enhancements.

A.     The Sentencing Hearing

At the sentencing hearing, the prosecutor argued sentencing Santoyo "on the nickel prior would be . . . abusive" and requested a two-year prison sentence. At the prosecution's request, the court dismissed the serious felony prior (§ 667, subd. (a)(1)) "[i]n the interest of justice."[3] The court indicated its intention to impose the "low term of two years" and stated: ". . . I am going to impose the one year for the prison prior because he went to prison on the 211 and didn't remain free of prison custody for a five-year period for a total sentence of three years." After holding an unreported conference with the attorneys, the court remarked: "Counsel pointed out the sentencing on the prison prior. So I will strike the prison prior and just impose the midterm of three years . . . and I will stay — I will impose the prison prior and stay it. Can I run this concurrent?" The

---

[3]     On page 188 of the reporter's transcript, there is a handwritten "(a)" in pencil next to "6678." On page 190 of the reporter's transcript, there is no typed or handwritten "(a)." The parties agree the "6678" refers to section 667, subdivision (a)(1), and that the court dismissed the serious felony prior (§ 667, subd. (a)(1)) at the sentencing hearing.

prosecutor responded, "I think so.  Although, I have to confess, I could be wrong."  The court responded, "I [would] rather just stay it to be safe" and defense counsel replied, "[r]ight."  Then the court responded, "654. . . . [¶] Same three years.  But I will run it midterm, finding the aggravating circumstances and mitigating circumstances balance each other out."

   B.  The Sentencing Minute Order and Abstract of Judgment
      Must be Modified

  The sentencing minute order and abstract of judgment contradict the reporter's transcript: they state the court dismissed the prison prior (§ 667.5, subd. (a)) and stayed the serious felony prior (§ 667, subd. (a)(1)).  The parties agree these documents should be modified because they conflict with the court's oral pronouncement of judgment.  They are correct.  "'Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls.'  [Citations.]" (*People v. Vega* (2015) 236 Cal.App.4th 484, 506.)  The sentencing minute order and abstract of judgment must be modified to reflect the court's dismissal of the prior serious felony (§ 667, subd. (a)(1)) at the sentencing hearing.

  The parties also agree the court erred by staying the prison prior (§ 667.5, subd. (a)) at the sentencing hearing.  They are correct.  "[W]hen the court imposes a determinate sentence, the imposition of an additional term under section 667.5 is mandatory unless the additional term is stricken." (*People v. White Eagle* (1996) 48 Cal.App.4th 1511, 1521; *People v. Haykel* (2002) 96 Cal.App.4th 146, 151 [a section 667.5 enhancement may be imposed or stricken, not stayed].)  The People urge us to remand to resentence Santoyo on the prison prior.  We decline to do so.  It is unnecessary to remand the matter to the trial court to decide whether to impose or strike the prison prior pursuant to section 667.5, subdivision (a), because it is clear from comments made by counsel and the court at the sentencing hearing that the court did not intend to impose the prison prior and intended Santoyo serve a total prison term of three years.  We will strike the improperly stayed prior prison term enhancement (§ 667.5, subd. (a)) and

8

modify the sentencing minute order and abstract of judgment. (See *People v. White Eagle, supra,* 48 Cal.App.4th at p. 1521.)

DISPOSITION

The March 24, 2015 sentencing minute order and abstract of judgment are modified to strike the serious felony prior (§ 667, subd. (a)(1)) and prison prior (§ 667.5, subd. (a)) enhancements. The superior court clerk is directed to forward the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

_____

Jones, P.J.

We concur:

_____

Simons, J.

_____

Needham, J.