Filed 3/17/21  P. v. Flores CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN ELIAS FLORES, JR.,<br><br>    Defendant and Appellant. | E074843<br><br>(Super.Ct.No. SWF1207306)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Charles C. Ragland, Deputy Attorneys General, for Plaintiff and Respondent.

# I.  INTRODUCTION

Defendant and appellant Juan Elias Flores, Jr., appeals from the trial court's order denying the Secretary of the California Department of Corrections and Rehabilitation's (CDCR) recommendation that his sentence be recalled for resentencing pursuant to Penal Code[1] section 1170, subdivision (d) (section 1170(d)).  On appeal, defendant argues the trial court abused its direction in failing to recall his sentence and resentence him because (1) it exercised its discretion to circumvent the amendment to section 667.5; and (2) the court was unaware that it had the discretion to strike the enhancements and then devise a new sentence.  We find the trial court acted well within its discretion in declining to recall the sentence and affirm the postjudgment order.

# II.  FACTUAL AND PROCEDURAL BACKGROUND[2]

Defendant and Jane Doe had an "'off and on'" relationship for many years. Jane Doe eventually left defendant because he was using drugs and she was afraid he would assault her.  On November 20, 2012, as Jane Doe and her young niece walked out of a shop, defendant grabbed Jane Doe from behind, held a six-inch tire reamer probe against her neck, and threatened to stab her with it.  Defendant then forced Jane Doe and her niece into Jane Doe's car and made Jane Doe drive while he sat in the back seat.  As Jane Doe drove, she saw what she believed was a parked police vehicle and stopped her car behind it.  Jane Doe and her niece then ran to the officer, a citizen volunteer, who

---

[1]  All future references are to the Penal Code.

[2]  The factual background is taken from the probation officer's report.

2

called the police. Police officers responded and apprehended defendant from the back seat of Jane Doe's vehicle. During a search of the vehicle, officers found the tire reamer probe used in the commission of the incident. A records check indicated defendant was on probation at the time.

On October 10, 2013, a jury found defendant guilty of kidnapping (§ 207, subd. (a); count 1) and stalking after being convicted of a domestic violence offense (§ 646.9, subd. (c)(1); count 2). The jury found true that defendant personally used a deadly or dangerous weapon in committing the kidnapping (§ 12022, subd. (b)(1)). Defendant thereafter admitted that he had suffered a prior strike conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)), a prior serious felony conviction (§ 667, subd. (a)), and five prior prison terms (§ 667.5, subd. (b)).

On February 28, 2014, the trial court sentenced defendant to an aggregate determinate term of 20 years in state prison as follows: 10 years on count 1 (the middle term of five years doubled due to the prior strike conviction); a consecutive one-year term for the weapon use enhancement; consecutive one-year terms for four of the five prior prison term enhancements; and a consecutive five-year term for the prior serious felony enhancement. The court stayed the sentences on count 2 and one of the prior prison term enhancements.

On June 17, 2019, the Secretary of the CDCR sent a letter to the superior court recommending that defendant be resentenced pursuant to section 1170(d). The Secretary noted that in 2014 when defendant had been sentenced, the five-year prior serious felony

3

enhancement under section 667, subdivision (a)(1), was mandatory, but as of 2019, the trial court has the discretion to retroactively strike the five-year sentence on the enhancement. The Secretary attached to its letter a copy of defendant's prison history, as well as a report showing defendant had not violated any rules while in prison.

On February 7, 2020, defendant filed a recall and resentencing brief pursuant to section 1170(d), with supporting exhibits. He argued that the five-year prior serious felony enhancement should be stricken as well as the four one-year section 667.5, subdivision (b) prior prison term enhancements due to the changes in the sentencing laws concerning these enhancements. He noted that he had not received any prison violation or any negative write-ups for a violation and that he had completed numerous programs, including substance abuse and faith-based programs, while in custody at four different prison facilities. Defendant also pointed out that while incarcerated, he had earned his GED and remained employed working as a porter, furniture factory worker, and warehouse worker.

The People filed an opposition to defendant's motion for recall and resentencing, arguing the court should decline to exercise its discretion to resentence defendant because his sentence was appropriate. The People asserted that defendant's extensive criminal history, which included a long history of domestic violence toward women, and the seriousness of his current offense showed he posed a threat to society.

The trial court heard the matter on February 21, 2020, and denied the motion to recall and resentence defendant. The court remarked that the Secretary's letter was

4

"wholly unhelpful" because it failed to articulate why the court should exercise its discretion under section 1170(d). The court also noted that during a chambers conference it had discussed with the attorneys that if the court believed it was appropriate to resentence defendant, it would be required to strike the four prior prison term enhancements due to a change in the law, specifically, Senate Bill No. 136 (Senate Bill 136) (2019-2020 Reg. Sess.). The court further stated, "Having said those things, on the merits the Court indicated to the attorneys in chambers . . . that [it] was not inclined to exercise [its] discretion on this set of facts."

The court explained its decision as follows: "I am mindful the defendant has done some things. The defendant, primarily with his letters and through the exhibits, has demonstrated that he has found religion. And there are no bad records that were presented at all that he's been in trouble since he's been in prison. [¶] But the Court is also mindful of the defendant's record. The record at the time of the instant offense was horrific. The Court is also mindful that the instant offense involved a protracted series of events with respect to the victim. The Court is further mindful that a number of the defendant's priors involved this same victim. [¶] Having looked at everything on balance, the Court is disinclined to exercise its discretion pursuant to 1170(d) and resentence this defendant."

Defendant timely appealed.

### III.  DISCUSSION

Defendant contends the trial court abused its discretion when it declined to resentence him under section 1170(d), because the court only did so to avoid striking his prior prison term enhancements.  He also asserts the court abused its discretion because it was unaware of the full scope of its discretion, noting that the court was unaware it had the discretion to strike the enhancements and then devise a new sentence.  We disagree.

Section 1170(d)(1) authorizes the Secretary of the CDCR to recommend to the superior court that the court recall a previously imposed sentence and resentence the defendant "'for any otherwise lawful reason.'"  (*People v. Loper* (2015) 60 Cal.4th 1155, 1165, quoting *Dix v. Superior Court* (1991) 53 Cal.3d 442, 460 (*Dix*).)  The goal of such resentencing is "to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1170(d)(1).)

Specifically, section 1170(d)(1) authorizes the court, "within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates . . . [to] recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence."[3]  This provision thus creates "an exception to the common law rule that the court loses resentencing jurisdiction once

---

[3]  The Legislature revised section 1170(d)(1), effective August 6, 2020, to replace "he or she" with "they."  For ease of reference we quote section 1170(d)(1) in its current form.

execution of sentence has begun." (*Dix*, *supra*, 53 Cal.3d at p. 455; accord, *People v. McCallum* (2020) 55 Cal.App.5th 202, 210 (*McCallum*).)

The CDCR can only recommend to the trial court that it recall and resentence the defendant. The court retains the authority to accept or decline the CDCR's recommendation. The statute is clearly permissive, not mandatory—it uses the verb "may," not "shall." (§ 1170(d)(1); *People v. Humphrey* (2020) 44 Cal.App.5th 371, 378; *Dix*, *supra*, 53 Cal.3d at p. 459, fn. 12; *People v. Gibson* (2016) 2 Cal.App.5th 315, 324 (*Gibson*); *People v. Delson* (1984) 161 Cal.App.3d 56, 62.) If the court chooses to recall and resentence the defendant, it must give some indication that it is doing so. (*People v. Humphrey*, at p. 378.)

We review the superior court's order declining to follow the Secretary of the CDCR's recommendation for abuse of discretion. (*McCallum*, *supra*, 55 Cal.App.5th at p. 211; *Gibson*, *supra*, 2 Cal.App.5th at pp. 324-325.) A trial court abuses its sentencing discretion when its decision is arbitrary or capricious, patently absurd resulting in a manifested miscarriage of justice, inconsistent with the letter and spirit of the law, or based on circumstances that constitute an improper basis for decision. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847 (*Sandoval*); *Gibson*, at p. 325.) It is defendant's burden to clearly show the sentencing decision was so irrational or arbitrary no reasonable person could agree with it. (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377 (*Carmony*).) "'The abuse of discretion standard "involves abundant deference" to the court's ruling.' [Citations.]" (*McCallum*, at p. 211.)

7

"In deciding *whether to recall* a sentence under section 1170, subdivision (d)(1), the trial court may exercise its authority 'for any reason rationally related to lawful sentencing.' (*Dix*, *supra*, 53 Cal.3d at p. 456.) Further, section 1170, subdivision (d)(1), expressly authorizes the court in resentencing a defendant to consider 'postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice.'" (*McCallum*, *supra*, 55 Cal.App.5th at p. 210, italics added.)

Section 1170(d)(1) thus contains a two-step process. At the first step, the trial court decides whether to recall the sentence. If the court decides not to recall the sentence, this ends the inquiry. If the court decides to recall the sentence, however, the inquiry moves onto the second step, and the court holds a resentencing hearing. (See § 1170(d)(1); see also *Dix*, *supra*, 53 Cal.3d at p. 463 ["We hold that section 1170(d) permits the sentencing court to recall a sentence for any reason which could influence sentencing generally, even if the reason arose after the original commitment. The court may thereafter consider any such reason in deciding upon a new sentence."].)

Here, the record establishes that the trial court considered all relevant factors in refusing to recall defendant's sentence and resentence him. At the time of the request to recall the sentence, the trial court was aware of the offenses, defendant's extensive

8

criminal history, his substance abuse history, his performance while in prison, and the secretary's recommendation. As the court noted, defendant had made positive progress while in prison, but "[h]aving looked at everything on balance, the Court [was] disinclined to exercise its discretion pursuant to 1170(d) and resentence this defendant." The court acknowledged that it would be required to strike the four prior prison term enhancements under Senate Bill 136, but "*on the merits* the Court indicated to the attorneys in chambers . . . that [it] was not inclined to exercise [its] discretion on this set of facts."

Defendant does not challenge the court's weighing of the relevant sentencing factors to determine if resentencing him was in the interest of justice. Rather, relying on the court's comment in chambers that it would be required to strike defendant's four prior prison term enhancements if it found his case appropriate for resentencing, he argues the court abused its discretion because the court's primary reason it declined to recall the sentence was to avoid striking the prior prison term enhancements under Senate Bill 136. He further asserts that the court was unaware it had discretion to strike the prior prison term enhancements and impose a new sentence "that would increase other elements of the sentence to make up some or all of the difference." The record belies these contentions. The record reveals the court expressly considered defendant's positive postconviction behavior, but rationally concluded defendant's violent and extensive criminal history outweighed his good behavior. And, therefore, the court declined to exercise its discretion under section 1170(d)(1).

9

Defendant relies on *People v. Torres* (2020) 48 Cal.App.5th 550, 560 (*Torres*) for the proposition that a trial court "abuses its discretion if it circumvents the Legislature's intent and hinders its goals." First, *Torres* was considering section 1170, subdivision (e), dealing with compassionate releases under statutorily established guidelines. That section is substantially different from section 1170(d)(1). Section 1170, subdivision (e), does not clearly identify which factors the court may consider in exercising its discretion to grant or deny a request for a compassionate release. Section 1170(d), however, expressly lists several factors that the court may consider. The trial court here appropriately considered those factors. The court's comment concerning the prior prison term enhancements does not show that it circumvented or thwarted the Legislature's intent.

Likewise, the court's statements do not support defendant's position that the court was unaware of the full scope of its discretion. "'It is a basic presumption indulged in by reviewing courts that the trial court is presumed to have known and applied the correct statutory and case law in the exercise of its official duties. [Citations.]' [Citation.]" (*People v. Nance* (1991) 1 Cal.App.4th 1453, 1456.) "These general rules concerning the presumption of regularity of judicial exercises of discretion apply to sentencing issues. [Citations.]" (*People v. Mosley* (1997) 53 Cal.App.4th 489, 496-497.) "From a silent record, we cannot determine the sentencing court misunderstood its authority or discretion." (*People v. White Eagle* (1996) 48 Cal.App.4th 1511, 1523.)

Here, there is no indication in the record that the trial court believed it would not be able to resentence defendant to a sentence comparable to his 20-year sentence if it recalled his sentence and resentenced him.  Rather, the court concluded it was not in the interest of justice to do so.  The court weighed all the material before it and reached a reasoned decision under the proper criteria.  It is apparent the court's decision was made with awareness of its discretionary authority and the reasons for and against recall of the sentence.  Undoubtedly, reasonable minds could differ on whether to grant or deny this request, which of course only illustrates it was a discretionary judgment, not simply an evaluation of legislatively established criteria.  We cannot say the trial court's decision was unreasonable, arbitrary, or a miscarriage of justice.  (*Sandoval*, *supra*, 41 Cal.4th at p. 847; *Carmony*, *supra*, 33 Cal.4th at pp. 376-377.)

## IV.  DISPOSITION

The trial court's postjudgment order denying the motion to recall and resentence defendant pursuant to section 1170, subdivision (d), is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:


RAMIREZ

P. J.


SLOUGH

J.

11