Filed 9/15/21  P. v. Rood CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>COLTON JAMES ROOD,<br><br>　　　　Defendant and Appellant. | C093435<br><br>(Super. Ct. No. 19F7188) |

On October 11, 2019, while in jail, defendant assaulted a custodial deputy as he tried to escort defendant to the visiting room, causing various injuries.  Defendant was charged with assault with force likely to produce great bodily injury, assault upon a custodial officer and obstructing/resisting an executive officer.  The complaint also alleged a strike for a prior serious/violent felony.

Defendant pled no contest to assault with force likely to produce great bodily injury and admitted the prior strike.  In exchange, the remaining counts were dismissed, and defendant agreed to a stipulated term of three years doubled for the strike.  Following

1

the plea, the trial court immediately imposed judgment.  The court awarded custody credits in the total amount of 272 days (237 actual and 35 conduct).  The court ordered defendant to pay a conviction assessment of $30, a court operations assessment of $40, and a restitution fine of $300, with an additional $300 parole revocation fine, which was stayed pending successful completion of parole.

On January 1, 2021, defendant submitted a notice of appeal, which the court received but did not immediately file.  On January 28, 2021, in this court, defendant filed a request for an order permitting the filing of a notice of appeal more than 60 days after sentencing under the constructive filing doctrine.  (*In re Benoit* (1973) 10 Cal.3d 72.) This court granted defendant's request for constructive filing of the notice of appeal and deemed defendant's notice of appeal timely for all purposes of appellate review.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. Defendant filed a supplemental brief arguing the trial court unconstitutionally erred in imposing sentence for his strike offense because he did not have a jury trial on the strike allegation and because imposition of sentence for the strike placed him in double jeopardy.

Defendant first contends that his sentence for the strike allegation was unconstitutional because the sentence violated his constitutional right to jury trial under *Cunningham v. California* (2007) 549 U.S. 270 [166 L.Ed.2d 856] and *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435].  This contention is not supported by the record.  (See, e.g., *People v. Kelly* (2006) 40 Cal.4th 106, 126.)  When the change of plea was entered, defendant waived jury trial, admitted the prior strike conviction, and

2

pursuant to the negotiated plea, received a three-year, low-term sentence which was doubled based on the prior strike conviction. The rule of *Cunningham* does not apply to the use of prior convictions to increase the penalty for a crime. (*Cunningham*, at pp. 274-275 [166 L.Ed.2d at pp. 864-865]; see also *Apprendi*, at p. 490 [147 L.Ed.2d at p. 455]; *Blakely v. Washington* (2004) 542 U.S. 296, 301 [159 L.Ed.2d 403, 412].) Neither do the authorities defendant cites support the proposition that he is constitutionally entitled to a jury trial where he waives his right to a jury trial and admits a strike pursuant to a negotiated plea.

Defendant further contends that because he had previously been punished for his strike conviction, increasing his sentence in the instant case based on that conviction violates the double jeopardy clause. There is no merit to this contention. "The Fifth Amendment of the United States Constitution and article I, section 15 of the California Constitution protect against multiple punishment for the same offense." (*People v. $1,930 United States Currency* (1995) 38 Cal.App.4th 834, 845.) The imposition of sentence under the three strikes law, however, does not constitute multiple punishment for the same offense. Although defendant's status as a repeat offender subjects him to harsher punishment under the three strikes law, he is not being punished in the instant case for his strike conviction. (*People v. White Eagle* (1996) 48 Cal.App.4th 1511, 1520.) "Recidivist statutes do not impose a second punishment for the first offense in violation of the double jeopardy clause of the United States Constitution." (*Ibid.*) And we see no reason why a different rule should obtain under the California Constitution. (*Raven v. Deukmejian* (1990) 52 Cal.3d 336, 353 [" '[C]ogent reasons must exist before a state court in construing a provision of the state Constitution will depart from the construction placed by the Supreme Court of the United States on a similar provision in the federal Constitution' "].)

Finally, defendant requests "action" on a motion he filed in the trial court during the pendency of this appeal, based on material outside of the record on appeal. Because

defendant's contentions are based on alleged facts outside the record on appeal, his remedies, if any, must be found by way of a petition for writ of habeas corpus filed with the trial court.  (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

Having examined the record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.  We therefore affirm the judgment.

DISPOSITION

The judgement is affirmed.


                                               /s/_____

                                                Robie, J.

We concur:


/s/_____
Blease, Acting P. J.


/s/_____
Duarte, J.