Filed 9/1/22  P. v. Valenzuela CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>JACOB ANTHONY VALENZUELA,<br><br>  Defendant and Appellant. | H047920<br>(Santa Clara County<br>Super. Ct. No. CC818758) |

**MEMORANDUM OPINION**

We resolve this case by memorandum opinion under California Standards of Judicial Administration, Title 8, Standard 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)

More than six years after defendant Jacob Valenzuela was initially sentenced, his case was returned to the trial court at the request of the Department of Corrections and Rehabilitation to correct an apparent error on the abstract of judgment.  The trial court corrected the error and reimposed the original negotiated sentence:  a 24-year prison term consisting of nine years for carjacking (Pen. Code, § 215), plus an additional 10 years for a firearm use enhancement (Pen. Code, § 12022.53, subd. (b)); five years for robbery (Pen. Code, § 211) and a 10-year firearm enhancement, to be served concurrently; one year eight months for kidnapping (Pen. Code, § 207) and a three-year four-month term for a firearm enhancement; and four years for assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1) plus a ten-year firearm use enhancement, to be served concurrently.

Defendant contends that in declining to strike the firearm enhancement at his resentencing, the trial court failed to properly exercise its discretion, and that it also imposed fines and fees without conducting a hearing on his ability to pay them. He contends newly enacted legislation giving trial courts greater discretion to consider mitigating factors applies retroactively and he is therefore entitled to be resentenced again under the new standards.

Having reviewed the entire record, we find no abuse of discretion in the decision not to strike the firearm enhancement. A trial court has broad discretion when making sentencing choices. (*People v. Dryden* (2021) 60 Cal.App.5th 1007, 1031.) A sentencing decision will be reversed on appeal only if it is arbitrary or irrational. It is the appellant's burden to affirmatively demonstrate error, which in this context means we presume the trial court was aware of the scope of its discretion and properly exercised it. (*People v. White Eagle* (1996) 48 Cal.App.4th 1511, 1523.)

The discretion at issue here is conferred by Penal Code section 12022.53, which was amended effective January 1, 2018 to allow trial courts to strike a firearm sentencing enhancement in the interest of justice. (See Sen. Bill 620 (Stats. 2017–2018) ch. 682, §§ 1, 2.) The parties agree the amendment applied to defendant's resentencing in January 2020. (See *People v. Hill* (1986) 185 Cal.App.3d 831, 834 [when a case is returned for resentencing by the Department of Corrections and Rehabilitation, the trial court can reconsider all sentencing choices].) Defendant argues the trial court abused its discretion by not considering all factors relevant to deciding whether the interests of justice would be served by striking the enhancement. Specifically, he asserts the court did not consider the good conduct he has displayed since being incarcerated. But applying the presumption that the court was aware of the scope of its discretion and properly exercised it, we find no abuse of discretion occurred.

When imposing sentence, the trial court indicated that based on the severity of the crime it was not inclined to strike the enhancement. After noting its impression that this

"was a horrible case," the court stated, "I think the law tells me that I can reconsider the arming allegation under 12022.53(h), the new legislation. And I think that gives the Court discretion to reconsider the sentence imposed. [¶] And I think, given the Court's comments, it will come as no surprise to anyone that there is – the Court did not even consider this to be a close call on reconsidering – or considering not imposing the arming enhancement. [¶] A gun was used to terrify the victim and to get him to cooperate. Guns were an integral part of the planning and commission of this crime. This is not a situation where the Court would exercise its discretion." The court's statements do not affirmatively demonstrate that it ignored other factors such as defendant's good conduct while incarcerated. In fact, the court was well aware of defendant's good conduct: defense counsel detailed it in presentence briefing and the court specifically referenced it during the hearing, telling defendant that he seemed to be "moving in a good direction," and "I don't want it lost that I think you are doing some very good work here." Merely because the court did not view defendant's positive conduct as enough to warrant striking the enhancement does not constitute an abuse of discretion. The record does not suggest the court failed to consider relevant information or otherwise abused its discretion in imposing sentence.

To support his contention that the trial court erred by not conducting an ability to pay hearing before imposing fines and fees, defendant relies on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1167, which found a constitutional right to such a hearing. That issue is subject to competing views in the appellate courts and in this court. The California Supreme Court will decide in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, whether an ability to pay hearing is required before imposing fines and fees. We need not address the issue here because even assuming a right to an ability to pay hearing, defendant forfeited his contention by failing to request such a hearing in the trial court. Although *Dueñas* had been decided by the time of defendant's sentencing in 2020, defendant did not request an ability to pay

3

hearing or object to the court's failure to conduct one, nor did he claim an inability to pay fines or fees. Having not first raised the issue for the trial court to consider, defendant has forfeited it on appeal. (See *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1154 [applying forfeiture rule even to sentencing that predated *Dueñas*].)

Finally, defendant contends he is entitled to be resentenced under new standards established by Assembly Bill 124 and Senate Bill 567, both effective January 1, 2022. Assembly Bill 124 added Penal Code section 1170, subdivision (b)(6), which requires a trial court to impose the lower term for a determinate sentence when certain mitigating circumstances are present. Senate Bill 567 also amended Penal Code section 1170.1, subdivision (b) to provide that the trial court cannot impose greater than the middle term of a determinate sentence unless the defendant has certain prior convictions or other aggravating factors are found true beyond a reasonable doubt. Neither statute had been enacted by the time of defendant's resentencing in 2020, but the parties agree that both amendments would apply to defendant and the matter should be remanded for further resentencing under the new standards. The parties disagree, however, about the reason resentencing is required: Defendant asserts the statutory amendments apply through the retroactivity principles of *In re Estrada* (1965) 63 Cal.2d 740, while the Attorney General believes that recent amendments to Penal Code section 1170.03, requiring courts to apply changes in sentencing law when resentencing, make remand appropriate. As the result is the same either way, we need not resolve that dispute here.

## DISPOSITION

The judgment is reversed. The matter is remanded with directions to the trial court to resentence defendant under the current version of Penal Code section 1170.

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Lie, J.

H047920 - *The People v. Valenzuela*