Filed 8/16/21  P. v. Gonzalez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ALEJANDRO RANGEL GONZALEZ,<br><br>　　　　Defendant and Appellant. | C087851<br><br>(Super. Ct. No.<br>TRACRFE20000017521,<br>TF030490A) |

In 2001, defendant Alejandro Rangel Gonzalez was sentenced to 35 years four months after he fired a shotgun from the passenger side of a speeding car through the window of another car occupied by a mother and her two young children.  We affirmed his conviction on appeal and incorporate by reference our unpublished opinion.  (*People v. Gonzalez* (Mar. 19, 2003, C038852) [nonpub. opn.] (*Gonzalez*).)  In 2018, California Department of Corrections and Rehabilitation (CDCR) recommended the trial court review and correct defendant's unauthorized sentence, which the trial court did through

1

an ex parte order.  On appeal, defendant argues that the letter authorized the trial court to resentence defendant, yet the trial court failed to consider exercising its discretion to dismiss or reduce defendant's 20-year firearm enhancement under Penal Code section 12022.53 (statutory section citations that follow are to the Penal Code).  Defendant further argues, relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), that imposing fines and fees without considering his ability to pay violated his due process rights.  We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

No discussion of the facts underlying the offense is necessary to the issues raised by defendant on appeal.  Instead, we summarize the relevant procedural history.

A jury found defendant guilty of three counts of attempted murder (§§ 664/187; counts one, two, and three) and two counts of shooting at an occupied vehicle (§ 246; counts four, five).  The jury found the charged firearms enhancements true (§§ 12022.53, subd. (c), 12022.5, subd. (a)(1), 12022, subd. (a)(1)) but rejected the charge that defendant committed the attempted murder with deliberation and premeditation.  (*People v. Gonzalez*, *supra*, C038852 at pp. 1-2.)

The trial court sentenced defendant to an aggregate term of 35 years four months in state prison as follows:  the upper term of nine years on count one; 28 months each (one-third the midterm) on counts two and three, plus 20 years consecutive on count three for the firearm enhancement (§ 12022.53, subd. (c)); and 20 months (one-third the midterm) on count five.  The trial court stayed the sentence on count four under section 654 and stayed the lesser firearm enhancements.  It further ordered defendant to pay $1,800 in restitution.  (§§ 1202.4, subd. (b), 1202.45.)  We affirmed defendant's judgment in a March 19, 2003 nonpublished opinion.  (*People v. Gonzalez*, *supra*, C038852 at p. 21.)

On August 8, 2018, CDCR sent a letter to the trial court stating that the "Abstract of Judgment and/or Minute Order may be in error or incomplete" because count one, rather than count three, was erroneously designated the principal term. The letter noted that count three should be the principal term and be fully imposed with count one as the subordinate term. The letter further stated: "Please review your file to determine if a correction is required. When notified by the Department of Corrections and Rehabilitation that an illegal sentence exists, the trial court is entitled to reconsider all sentencing choices, *People v. Hill, 185 Cal.App.3d 831.*" (Italics in original.)

Two weeks later, the trial court issued an ex parte order in response to the letter, which said, "Original sentence of 07/06/2001 to remain in full force and effect except as modified herein." The trial court then imposed the firearm enhancement (§ 12022.53, subd. (c)) under count one, which had previously been stayed, and stayed the firearm enhancement under count three, which had previously been imposed. It noted that the total term remained 35 years four months.

## DISCUSSION

### I

### *Firearm Enhancement*

Defendant argues that the CDCR letter opened the matter for resentencing, which in turn required the trial court to consider whether to strike defendant's firearm enhancement per the newly enacted Senate Bill No. 620 (Stats. 2017, ch. 682, §§ 1-2) (SB 620). Noting the trial court simply resentenced defendant in an ex parte order, without any reference to its newly bestowed discretion under SB 620, defendant argues the trial court was not aware that it had the discretion to strike defendant's firearm enhancement when it resentenced defendant. Thus, defendant asks us to remand the matter to the trial court to consider whether to exercise its discretion under SB 620. The People counter that the trial court did not resentence defendant in August 2018, but rather

3

used its inherent authority to correct an unauthorized sentence, which they characterize as correcting a clerical error. Because the trial court did not resentence defendant, the People argue, defendant is not entitled to remand for the court to consider whether to grant relief under SB 620.

The People's argument relied primarily on *People v. Abdullah* (2019) 38 Cal.App.5th 218, which the California Supreme Court ordered depublished shortly after the People submitted their responsive brief. (*People v. Abdullah* (2019) 38 Cal.App.5th 218, review denied and depublished Oct. 30, 2019, S257756.) We therefore ordered supplemental briefing providing additional authority, if any, supporting the People's argument that defendant is not entitled to remand because the trial court merely corrected an unauthorized sentence and did not resentence defendant under section 1170, subdivision (d)(1). Having reviewed the authority proffered by the parties, we conclude the trial court did, in fact, resentence defendant. However, as we will explain, defendant is still not entitled to remand.

A trial court typically lacks jurisdiction to change a defendant's sentence once execution of the sentence begins. (*People v. Karaman* (2001) 4 Cal.4th 335, 344.) However, there are exceptions to this rule. First, section 1170, subdivision (d)(1) authorizes a trial court to, "within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence."

Under section 1170, subdivision (d)(1), the prior sentence and order of commitment is effectively "vacate[d]," and the trial court may sentence defendant anew, to an equal or lesser sentence. (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 456.)

Separate and apart from correcting an unauthorized sentence or illegal sentence, a trial court has the inherent power to correct clerical errors in the judgment "so as to make

4

these records reflect the true facts." (*In re Candelario* (1970) 3 Cal.3d 702, 705.) A clerical error in the judgment includes a mismatch between the minutes or abstract of judgment and the judgment pronounced by the court, or the erroneous calculation of presentencing credits. (*People v. Humphrey* (2020) 44 Cal.App.5th 371, 379 (*Humphrey*).)

We agree with defendant that the CDCR letter triggered defendant's resentencing, and did not merely advise the trial court to correct a clerical error on its own authority. Here, the CDCR letter stated that defendant's sentence was "illegal" and advised the trial court it could "reconsider all sentencing choices," citing to *People v. Hill, supra,* 185 Cal.App.3d 831. *Hill* held that upon receipt of a letter from the CDCR advising the court that a sentence was illegal, the trial court is authorized by section 1170, subdivision. (d)(1) to rethink the entire sentencing scheme and wholly resentence the defendant. (*Hill,* at p. 834.) As the letter here advised the trial court that defendant's sentence was illegally imposed – rather than legally imposed but incorrectly transcribed into the record – the letter disclosed an illegal sentence rather than a clerical error, which authorized the trial court to resentence defendant.

Indeed, the trial court responded to the letter by changing defendant's unlawful sentence, exchanging the principal and subordinate terms and applying the firearm enhancement to the new principal term. This correction involved the exercise of judicial discretion and thus constituted a resentencing. On this record, we must conclude that the CDCR letter triggered defendant's resentencing under section 1170, subdivision (d)(1), and the court resentenced defendant rather than simply correcting a clerical error on its own authority. (See, e.g., *People v. Arias* (2020) 52 Cal.App.5th 213, 217, 219 [CDCR letter recommending recall of the defendant's sentence based on trial court's illegal imposition of two enhancements triggered resentencing under section 1170, subd. (d)(1)].)

The cases relied upon by the People in their supplemental brief are distinguishable on this point, as in both cases the trial court corrected clerical errors rather than fixing unauthorized sentences per section 1170, subdivision (d)(1). Specifically, in *Humphrey, supra*, 44 Cal.App.5th 371, the trial court corrected its erroneous calculation of the defendant's presentence credits in the abstract of judgment, while keeping the defendant's sentence intact. The appellate court concluded that the trial court's actions resolved a clerical error and the defendant was not entitled to resentencing. (*Id.* at p. 378.) Similarly, in *People v. Magana* (2021) 63 Cal.App.5th 1120, also discussed by the People, the CDCR letter notified the trial court that the clerk erroneously doubled the prior prison terms on the abstract of judgment, resulting in a faulty transcription of the sentence. (*Id.* at p. 1125.) Therefore, *Magana* found that the trial court's correction rectified a clerical error and did not constitute resentencing. (*Id.* at pp. 1125-1127.) Here, unlike in *Humphrey* and *Magana*, the CDCR letter informed the trial court that the sentence was unauthorized, rather than improperly transcribed or miscalculated. The trial court then, in an exercise of judicial discretion, resentenced defendant by changing the principal and subordinate terms and imposing the firearm enhancement with the new principal term, while staying the firearm enhancement that was previously imposed. Thus, the People's cases are not persuasive.

As we conclude defendant was resentenced, we turn to the question of whether the trial court considered striking his firearm enhancement when it resentenced defendant. When the trial court first sentenced defendant in 2001, section 12022.53, subdivision (c) mandated an additional 20 years added to a prison sentence where, as here, the factfinder found the allegation true. However, on January 1, 2018, SB 620 became effective. (Stats. 2017, ch. 682, §§ 1-2.) That measure vested the court with authority to exercise its discretion to strike firearm enhancements imposed under section 12022.53. (§ 12022.53, subd. (h).) Senate Bill 620 applies retroactively to cases that are not yet

final, and the law "applies to any resentencing that may occur pursuant to any other law." (§ 12022.53, subd. (h); *People v. Woods* (2018) 19 Cal.App.5th 1080, 1090-1091.)

Senate Bill 620 became effective prior to defendant's resentencing and thus the trial court had the authority to strike defendant's firearm enhancement when it resentenced defendant. "Generally, when the record shows that the trial court proceeded with sentencing on the erroneous assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing. [Citations.]" (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1228.)

"Remand for resentencing is not required, however, if the record demonstrates the trial court was aware of its sentencing discretion. (*People v. Belmontes*[ (1983)] 34 Cal.3d [335,] 348, fn. 8; *People v. White Eagle* (1996) 48 Cal.App.4th 1511, 1523.) Further, remand is unnecessary if the record is silent concerning whether the trial court misunderstood its sentencing discretion. Error may not be presumed from a silent record. (*People v. White Eagle, supra*, 48 Cal.App.4th at p. 1523.) ' "[A] trial court is presumed to have been aware of and followed the applicable law." [Citations.]' (*People v. Martinez* (1998) 65 Cal.App.4th 1511, 1517.)" (*People v. Brown, supra*, 147 Cal.App.4th at pp. 1228-1229.)

Here, the record is silent. Nothing indicates the trial court did not understand its discretion under SB 620. Defendant bore the burden to show affirmatively that the trial court did not understand its sentencing discretion, and this burden was not met. (See *People v. Davis* (1996) 50 Cal.App.4th 168, 172.) We accordingly presume the trial court exercised its discretion under SB 620 when it did not strike the firearm enhancement, and we will not ask the trial court to repeat that undertaking.

7

*II*

*Fines and Fees*

Defendant next argues, relying on *Dueñas*, that he is entitled to remand for a hearing on whether he has the ability to pay the fines, fees, and assessments imposed by the trial court.  The *Dueñas* court held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under [ ]section 1465.8 and Government Code section 70373." (*Dueñas, supra*, 30 Cal.App.5th at p. 1164.)  That court also held that, "although [ ]section 1202.4 bars consideration of a defendant's ability to pay [a restitution fine] unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Dueñas*, at p. 1164.)  Defendant insists his claim is not forfeited, because *Dueñas* had not yet been decided at the time he was resentenced.  The People argue that defendant's due process claim under *Dueñas* is not cognizable because his conviction is final.

Even assuming defendant's *Dueñas* claim is not forfeited and is cognizable on appeal, we reject defendant's argument because we are not persuaded the analysis used in *Dueñas* is correct.

Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, that agreed with the court's conclusion in *Dueñas, supra*, 30 Cal.App.5th 1157 that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court operations assessments under section 1465.8 and Government Code section 70373, but not restitution fines under section 1202.4.  (*Kopp*, at pp. 95-96, review granted.)

8

In the meantime, we join those authorities that have concluded the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas* and in this proceeding.  (*People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.)  Accordingly, we conclude the imposition of fines, fees, and assessments on an indigent defendant without consideration of ability to pay does not violate due process or equal protection and there is no requirement that the trial court conduct an ability to pay hearing prior to imposing these fines, fees, and assessments.

## DISPOSITION

The judgment is affirmed.

_____

HULL, J.

We concur:

_____

RAYE, P. J.

_____

MURRAY, J.

9